No. 19,056.

PEOPLE OF THE STATE OF COLORADO, EX REL. DUKE W.
DUNBAR, ET AL. *v*. DALE A. FESTER, ADMINISTRATOR, ETC.
(356 P. [2d] 130)

Decided October 24, 1960

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK

E. HICKEY, Deputy, Mr. NEIL TASHER, Assistant, Mr. FLOYD B. ENGEMAN, Assistant, for plaintiffs in error.

Mr. GEORGE S. FULLER, for defendants in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE SUTTON.

THIS action involves the assessment of inheritance tax with respect to a joint tenancy bank account in which the Inheritance Tax Commissioner was plaintiff and defendants in error were objectors.

The facts are not in dispute. At some time prior to her death in May of 1958 Mable Grace Fester, desiring to provide for the welfare of her son, Dale A. Fester, entered into an oral agreement with a trusted friend, Sigvald Sorenson, under the terms of which Mrs. Fester deposited certain of her personal funds in the National City Bank of Denver. The money was placed in a "joint account," with Sorenson and Mrs. Fester designated joint tenants with full rights of survivorship. Sorenson agreed that after her death he would pay over the entire balance of the account to the son Dale. He fully complied with the agreement, paying Dale the balance of $1,975.63. The sum was included and listed in her estate and so reported to the Colorado Inheritance Tax Department.

The Inheritance Tax Commissioner determined that under the provisions of C.R.S. '53, 138-4-8, pertinent parts of which are quoted below, the transaction was to be treated as a transfer of the sum to Sorenson, and, in his report filed in the County Court, assessed a tax of $145.22.

Both Sorenson and Dale A. Fester filed written objections to the report, asserting that notwithstanding the record title to the account being in joint tenancy it was really held in trust, and should thus be classified as a transfer to the beneficiary of the trust, Dale, thereby

bringing the sum within the $10,000 exemption afforded to Class A beneficiaries by the provisions of C.R.S. '53, 138-4-15 (2). If so considered no inheritance tax is payable.

The trial court, after first entering judgment for the state, granted a motion for a new trial and later reversed its ruling. In so doing, it classified the cash remaining in the account as an asset of the estate rather than as a taxable transfer to the surviving joint tenant. The commissioner urges that this was error, asserting that the provisions of 138-4-8 establish the transaction as a "conclusive and irrebutable" transfer to Sorenson, a Class D beneficiary, thereby subjecting it to the tax. The pertinent language of 138-4-8 is as follows:

"Whenever any real or personal property is held in the joint names of two or more persons, as joint tenants with right of survivorship and not as tenants in common, or as joint tenants and not as tenants in common, upon the death of one of such joint tenants the right of the surviving joint tenants to the immediate ownership or possession and enjoyment of such property shall be deemed a taxable transfer under the provisions of this article, and the taxable interest shall be determined by dividing the value of the property by the number of joint tenants."

The tax here sought to be imposed is not a tax upon property as such, but is rather a tax upon individual heirs or devisees for the right or privilege of succeeding to property. *People v. Estate of Waterman* (1941), 108 Colo. 263, 116 P. (2d) 204; *People v. Palmer's Estate* (1914), 25 Colo. App. 450, 139 Pac. 554. The tax is in fact paid by the heir or devisee, though for convenience and certainty of collection the estate may be required to discharge it. *People v. Palmer's Estate,* supra.

We are not persuaded that the quoted language conclusively or irrebuttably establishes that all property, the title of which passes to joint tenants by virtue of

right of survivorship, is the subject of a taxable transfer to the surviving joint tenant. Such conclusion would not only be inequitable but would ignore the fact that property may be held in trust, and would raise serious doubts of the constitutional validity of that section of the act. It would result in imposing a tax upon a person who in fact received nothing to tax and would amount to taking his property without due process of law.

It is no longer disputed that to impose a tax upon the event of succession to the possession or enjoyment of property is a proper exercise of legislative power, and that "the incident of the tax is the shifting of economic benefits in possession and enjoyment and not the conveyance of mere legal title." *People v. Estate of Waterman,* supra. In accord see cases collected in an annotation in 1 A.L.R. (2d) 1101, entitled "Succession or estate taxes as affecting or affected by estate by entirety or other joint estate with right of survivorship."

In *Urbancich v. Jersin* (1950), 123 Colo. 88, 226 P. (2d) 316, under facts similar to those in the instant case, except that the surviving joint tenant refused to pay over to the beneficiary of the oral trust the cash in the joint account, this court held that the whole transaction was an abortive attempt to make a testamentary disposition of property without compliance with statutory law. As such, it was held that the cash in the joint account was an asset of the decedent's estate rather than the property of the surviving joint tenant. That case is here controlling, and fully substantiates the decision of the trial court that the money remaining in the joint account was an asset of the estate rather than a transfer to Sorenson.

The case of *In the Estate of I. J. Praid,* No. 18,755, Orphans Court of Lehigh County, Penn., decided February 27, 1958, and reported at Sec. 18733, C.C.H., Inheritance, Estate and Gift Tax Reports, is urged upon us by the Commissioner. We have reviewed it and do not consider it to be in point.

■ In cases of this kind it is proper to show the intention of the parties in creating the joint tenancy and each case must rest upon its own facts. In the instant case the facts show undisputedly that a trust was established and the Commissioner should have recognized it accordingly.

The Commissioner states in his opening brief that he rejects "any attempted showing of title contrary to the record * * * because it is the position of the Commissioner that as an administrative officer he is without authority to set the record title aside and to tax the transfer on death in any manner other than what the record indicates the title to be."

Here he is attempting to tax a trustee as an individual surviving joint tenant, upon property belonging, in ownership, possession and enjoyment, to the beneficiary of the trust. The trustee, as such, even though he may be a surviving joint tenant, does not have "the *right* * * * to the * * * ownership or possession and enjoyment of such property * * *." (Emphasis supplied.) C.R.S. '53, 138-4-8.

■ It is not the Commissioner's duty to apply the statutes unfairly and unrealistically as a ministerial officer. He should endeavor to carry out their intent as well as their wording in such manner as to afford to those coming within the perimeter of his authority a fair and equitable administration of the law. When in doubt he can let the courts determine the matter, but the proof of trusteeship here should have left no doubt in his mind that this account was not taxable; his duty involves something more than that of merely looking at the record title. The fiction of record title here must fall before the onslaught of the true facts.

The legislature cannot, as the Commissioner seems to believe, validly deny a person the right to prove that he is not the true owner of property, or entitled to the possession or enjoyment for the purposes of taxation.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ concur.