STATE, Respondent, v. AUTOMATIC MERCHANDISERS OF AMERICA, INC., and others, Appellants.

*No. 437. Argued September 3, 1974.—Decided October 1, 1974.*
(Also reported in 221 N. W. 2d 683.)

661

For the appellants there was a brief by *Robert H. Frie-bert,* attorney, and *Samson, Friebert, Sutton, Finerty & Burns* of counsel, all of Milwaukee, and oral argument by *Thomas W. St. John,* of Milwaukee.

For the respondent the cause was argued by *Bruce A. Craig,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

HANLEY, J. The sole issue presented on this appeal is whether or not sec. 100.18 (1), Stats., applies to oral representations made in private conversations to prospective purchasers of the defendants' products.

Although sec. 100.18 (1), Stats., was enacted by the legislature in 1925, this is the first time this court has been asked to interpret its provisions on the particular issue presented. The only interpretation which has been given to the statute is a 1925 opinion of the attorney general. The position was then taken that the statute applied only to printed representations and not oral ones. 14 Op. Atty. Gen. (1925), 367. However, this opinion relied on a definition of "advertisement" as "information given by handbill or newspaper." Also, that opinion was

rendered prior to an amendment of this section which brings some, if not all, oral representations within the scope of the statute. Ch. 399, Laws of Wisconsin, 1945.

Where two interpretations of a statute are possible, this court must ascertain the intent of the legislature as disclosed by the language of the statute in relation to its scope, history, context, subject matter and the object intended to be remedied or accomplished. *Wisconsin Southern Gas Co. v. Public Service Comm.* (1973), 57 Wis. 2d 643, 648, 205 N. W. 2d 403.

The 1945 amendment to sec. 100.18 (1), Stats., was made twenty years after the attorney general's opinion finding the section to only apply to printed materials. The amendment was obviously intended to reflect the changes which had taken place in marketing methods. Therefore, the references to magazines, radio and television were added. The amendment was not limited to adding these new media, however. It made the statute applicable to methods "similar or dissimilar" to those specified and provided that the statute applies not only to advertisements, but also to announcements, statements, or representations of any kind made to the public.

We think by this amendment that the legislature intended to protect the residents of Wisconsin from any untrue, deceptive or misleading representations made to promote the sale of a product. It is not limited to media advertising.

The defendants contend that the statute is inapplicable in this case because it applies to "dissemination to the public" whereas all of the allegations of the complaint relate to statements made privately to prospective purchasers. We do not agree. While the representations were made privately to prospective purchasers their only relationship to the defendants was that they had responded to advertisements in the classified sections of newspapers. These persons were members of "the public" as that term is used in this statute.

A line of decisions of this court relating to what constitutes a "public utility" is applicable to this situation. The definition of "public utility" is found in sec. 196.01 (1), Stats., and basically provides that an enterprise is a public utility if it involves the furnishing of any of the listed services "to the public." The cases recognize the difficulty of defining "public" and the necessity of looking to each case's own peculiar facts and circumstances. *Cawker v. Meyer* (1911), 147 Wis. 320, 326, 133 N. W. 157. The cases recognize that the number of people involved is not controlling and that "the public" may be only one person. *Ford Hydro-Electric Co. v. Town of Aurora* (1932), 206 Wis. 489, 240 N. W. 418. The important factor is whether there is some particular relationship between the parties. *Cawker v. Meyer, supra,* at page 326.

Here there is no peculiar relation between the defendants and the prospective purchasers which would distinguish the prospective purchasers from "the public" which the legislature intended to protect. These people simply responded to the defendants' notices in the classified sections.

The use of the term "the public" does not mean that the statements be made to a large audience. As has been noted, in some situations one person can constitute the public. In sec. 100.18 (1), Stats., this interpretation of "public" is the appropriate one as can be seen by the use of it in the phrase "with intent to induce the public in any manner to enter into any contract or obligation." Obviously, the use of "public" here contemplates the individual action of one member of the public. Similarly, "the public" in the phrase "cause, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public" does not require mass dissemination of the assertion, representation or statement. The fact that the alleged untrue, deceptive or misleading representations

were made individually to different members of the public is not controlling.

Sec. 100.18 (1), Stats., is aimed at protecting the public from untrue, deceptive or misleading representations made in sales promotions. Therefore, the fact that the allegedly untrue, deceptive or misleading statements in this case were made to those responding to the defendants' advertisements rather than in the advertisements themselves should not be important.

Defendants' argument that there may be other statutes which effectively deal with the situation involved has no bearing on this case. The fact that there may be an overlapping of coverage in this case between sec. 100.18 (1), Stats., and other statutes does not alter the fact that sec. 100.18 (1) is applicable under the facts of this case.

*By the Court.*—Order affirmed.