IN the MATTER OF the ESTATE OF Veronica F. JOHNSON, Deceased.

William A. JOHNSON, Foreign Personal Representative of the Estate of Veronica F. Johnson, Appellant,

v.

Wisconsin DEPARTMENT OF REVENUE Bureau of Fiduciary, Inheritance & Gift Tax, Respondent.†

Court of Appeals

*No. 82–655. Submitted on briefs March 3, 1983.—Decided April 26, 1983.*
(Also reported in 334 N.W.2d 574.)

† Petition to review granted.

For the appellant the cause was submitted on the briefs of *Gerald S. Walsh* and *David H. Hutchinson* and *Walsh and Nohr,* of Milwaukee.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general and *John C. Murphy,* assistant attorney general.

Before Gartzke, P.J., Dykman, J. and W. L. Jackman, Reserve Judge.

DYKMAN, J.   William A. Johnson, Personal Representative for the estate of Veronica F. Johnson, appeals from a summary judgment in favor of the Wisconsin Department of Revenue, Bureau of Fiduciary, Inheritance and Gift Tax.  Johnson contends that the trial court erred because material issues of fact existed.  We conclude that there are no material issues of fact and therefore affirm the trial court.

Veronica F. Johnson died on November 3, 1977.  At the time of her death, she had an interest as a joint tenant in several parcels of real property.  In the trial court, Johnson stipulated to the correctness of the Department's Certificate Determining Inheritance Tax as related to four parcels owned jointly by William A. Johnson and Veronica F. Johnson, husband and wife.  The tax at issue concerns four other properties held jointly by Veronica Johnson, William Johnson and Arliss Hill.[1]

---

[1] Those properties are reflected in the General Inventory as numbers 10, 11 and 15.  Inventory number 10 is actually two separate properties.

The trial court's reasons for granting summary judgment are not part of the record. Johnson conceded in the trial court that Veronica Johnson had legal title to the properties in question. The trial court determined that no material issues of fact existed and the Department was entitled to summary judgment on its application of sec. 72.12(6), Stats. (1975),[2] to real property in Veronica Johnson's estate.[3]

---

[2] Reference to sec. 72.12(6), Stats., is to the 1975 statute unless otherwise noted.

[3] Section 72.12(6), Stats. (1975), states:

(a) *General provision.* When property is held in the names of 2 or more persons with the right of survivorship but not as tenants in common. Upon the death of one joint tenant, the right of the surviving joint tenant or tenants to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer taxable under this subchapter at the property's clear market value.

(b) *Joint tenancy exemption.* When property is held in the names of 2 or more persons with the right of survivorship, the following shall be subtracted as provided in par. (c):

1. The fractional interest of the survivor or survivors in property in an amount determined by dividing the property's clear market value by the number of joint tenants, including the decedent, except as provided in subd. 2.

2. Money which is invested or deposited in a financial organization, as defined in s. 71.07(2)(d)1, and the clear market value of property which is acquired or placed in the names of 2 or more persons with the right of survivorship if the establishment of such survivorship interest is not subject to gift tax under subch. IV because it is an incomplete transfer, upon the death of one such person, an amount equal to the property's clear market value multiplied by a fraction, the numerator of which is the money or money's worth contributed by the surviving tenant or tenants and the denominator of which is the money or money's worth contributed by all joint tenants including the decedent.

(c) *Application of exemption.* The amount determined in par. (b)2 shall be subtracted from the amount determined under par. (a) prior to the application of the tax rates under s. 72.18. The amount determined in par. (b)1 shall be added to the exemption allowed under s. 72.17(1) to (3) and shall be applied to the lowest

The standard for granting a motion for summary judgment has been reiterated numerous times. In *Kania v. Airborne Freight Corp.*, 99 Wis. 2d 746, 762, 300 N.W.2d 63, 69–70 (1981), the supreme court said:

"The purpose of summary judgment is to obviate the need for a trial where there is no genuine issue as to any material facts. It is a judgment rendered on the merits without a trial. The summary judgment procedure does not function as a substitute for a trial of any genuine issue of material fact, but permits a decision based on affidavits, records and for [*sic*] depositions. The party moving for summary judgment must demonstrate that a trial is not necessary and establish a record sufficient to demonstrate to the satisfaction of the court that there is no triable issue of material fact on any issue presented. Any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. If the trial court has determined the movant has proved to the court's satisfaction that there is no genuine issue of material fact as a matter of law, then the trial court should enter judgment." [Citations omitted.]

In reviewing the trial court's order granting summary judgment, we independently review the record to determine whether any genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Maynard v. Port Publications, Inc.*, 98 Wis. 2d 555, 558, 297 N.W.2d 500, 502–03 (1980).

The procedure used to determine whether any genuine issue of material fact exists was recently stated in

tax bracket or brackets under s. 72.18. The remaining tax rates shall then be applied to the balance of the property, the transfer of which is taxable under this subchapter, beginning at the tax rate applicable to the bracket in which the exemptions end.

Section 72.12(6), Stats. (1981–82), differs from the 1975 statute. Instead of a joint tenancy exemption under sub. (b), it is now a joint tenancy exclusion. Application of the exclusion under sub. (c) is also slightly different.

*Schroeder v. Schoessow*, 103 Wis. 2d 380, 385, 309 N.W.2d 10, 12–13 (Ct. App. 1981):

The first step is to examine the pleadings to determine whether a claim has been stated and whether a genuine issue of fact is presented. If the complaint states a claim and the pleadings show the existence of factual issues, the second step is to examine the moving party's affidavits and other proof to determine whether the party has made a prima facie case for summary judgment. To make a prima facie case, a moving defendant must show a defense which would defeat the plaintiff. If the moving party has made a prima facie case, the third step is to examine the affidavits and other proof of the opposing party to determine whether there exist disputed material facts or undisputed material facts from which reasonable alternative inferences may be drawn, sufficient to entitle the opposing party to a trial.

Johnson argues that the four properties were actually owned and operated by a partnership between Arliss Hill and himself. Veronica Johnson was therefore not a partner and did not have any ownership interest in the partnership.

Record title to the properties was held by Wm. A. Johnson and Veronica F. Johnson, his wife, an undivided one-half interest, and Arliss J. Hill, an undivided one-half interest.[4] Johnson contends that even though Veronica

[4] Legal title to Inventory #15 is held by "Wm. A. Johnson and Veronica F. Johnson, his wife, an undivided one-half interest and Arliss J. Hill, an undivided one-half interest as joint tenants in common." Section 72.12(6)(a), Stats., states that it does not apply to property owned by tenants in common. As far as we can ascertain from the record (no transcript was provided), Johnson does not raise the issue of whether #15 should be excluded from taxation as not falling under sec. 72.12(6) because it is property held by tenants in common. He does not raise this issue on appeal. Section 230.45, Stats. (1969), states that property taken in the names of husband and wife is held jointly with a right of survivorship unless the intent to create a tenancy in common is expressed in the document. Johnson does not argue that the title to Inventory #15

Johnson had record title to the properties, the properties belonged to the partnership and should not have been included in Veronica Johnson's estate for tax purposes. Johnson argues that because partnership proceeds paid for the properties, they must be presumed to be partnership property, citing *In re Estate of Schaefer,* 72 Wis. 2d 600, 611, 241 N.W.2d 607, 612 (1976). He concludes that the properties are therefore not taxable in Veronica Johnson's estate.

If the Department is correct in its interpretation of sec. 72.12(6), Stats., contribution or lack of contribution to the purchase of the properties by the decedent is irrelevant. The only relevant issue of fact is record title which is undisputed.[5] Under the Department's interpretation, only a question of law for the court remains. "Questions of law such as statutory construction are reviewable *ab initio* by this court and are properly subject to judicial substitution of judgment." *Revenue Dept. v. Milwaukee Brewers,* 111 Wis. 2d 571, 577, 331 N.W.2d 383, 386 (1983).

Wisconsin inheritance law concerning jointly owned property has undergone significant change over the years. Section 72.01(6), Stats. (1945), provided that on the death of one joint tenant, passage of ownership or possession and enjoyment to the survivor(s) was deemed a taxable transfer of that fraction of the property owned by the decedent.[6] The supreme court, in construing that

---

establishes an intent to create a tenancy in common and we do not address that issue.

[5] Johnson argues that we should not grant summary judgment because the Department did not submit an affidavit in the trial court. While affidavits are helpful and should be used when possible to clarify facts, they are not always necessary to make a prima facie case for summary judgment. When, as here, the only material facts are undisputed, all that remains is a legal question for the court to answer. No affidavit was required.

[6] Section 72.01(6), Stats. (1945), states in pertinent part:

statute, held that "[t]he terms of the statute involved here leave no room for questioning from where the interest of each of the parties came. . . . [A]ll that is needed to set the statute in motion is to have property in the joint names of the parties." *Estate of Hounsell*, 252 Wis. 138, 142–43, 31 N.W.2d 203, 205–06 (1948). The only exception was when the joint title came into being under a transaction clearly indicating a trust relation or the existence of an agency. *Id.* at 143, 31 N.W.2d at 206.[7] Thus, under sec. 72.01, contribution to the acquisition of the property was irrelevant. Passage of legal title to the survivor(s) was taxable on the death of one joint tenant.

By ch. 310, Laws of 1971, effective for deaths on or after May 14, 1972, sec. 72.12(6), Stats. (1971), was created.[8] That section replaced the prior law taxing joint

JOINT INTERESTS. Whenever any property, real or personal, is held in the joint names of two or more persons, . . . upon the death of one of such persons the right of the surviving . . . joint tenant or joint tenants . . . to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer of one-half or other proper fraction thereof taxable under the provisions of this chapter in the same manner as though the property to which such transfer relates belonged to the . . . joint tenants . . . as tenants in common, and had been bequeathed or devised to the surviving . . . joint tenant or joint tenants, . . . by such deceased . . . joint tenant . . . by will.

[7] Johnson argues that Veronica Johnson held title to the property as a trustee for the partnership. Without deciding whether the exception in *Estate of Hounsell*, 252 Wis. 138, 31 N.W.2d 203 (1948), applies to the 1975 statute, we note that nothing in the title to the properties indicates any trust relation or agency.

[8] Chaper 310, Laws of 1971, which created sec. 72.12(6), Stats. (1971), states:

(6) SURVIVORSHIP INTERESTS (a) *Rule.* When property is held in the names of 2 or more persons with the right of survivorship, upon the death of one of the persons. Transfer of the full clear market value of the entire property is subject to this subchapter.

(b) *Exception.* If the property or the consideration with which it was acquired, or any part of either, is shown to have originally

property on the basis of fractional shares. The new general rule was that the full clear market value of the property was included in the gross estate of the decedent. An exception under sec. 72.12(6)(b) allowed an exemption to the survivor(s) for that portion of the property acquired through contribution or prior ownership by the survivor(s). The survivor(s) had the burden of proof to show that all or part of the property fell within this exception and the entire value of the property was included in the decedent's estate for inheritance tax purposes if the survivor(s) failed to meet this burden. *Establishing Contribution in Joint Tenancies,* 48 Wis. Bar Bull. 67 (Dec. 1975).

That section was repealed and recreated by ch. 222, Laws of 1975, which was in effect at the time of Veronica Johnson's death. It applied to all joint property when the decedent dies after July 1, 1976. "The fractional interest of the property which will be taxed is determined by dividing the property's clear market value by the number of joint tenants, including the decedent. . . . Contribution would no longer be a factor." Boykoff, *The Taxation of Joint Tenancy Property Enacted by Chapter 222, Laws of 1975,* 49 Wis. Bar Bull. 31, 33 (Oct. 1976).

When the plain meaning of a statute is apparent, we need not resort to either construction or case law. *Lemon v. Federal Ins. Co.,* 111 Wis. 2d 563, 568, 331 N.W.2d 379, 381 (1983). Section 72.12(6), Stats., states

belonged to the survivor and never to have been received or acquired by him from the decedent for less than adequate and full consideration in money or money's worth, the transfer of the property or the part originally furnished by the survivor is not taxed. If the property was acquired by gift, bequest, devise or inheritance by the decedent and any other person, the taxable portion is determined by dividing the clear market value of the property by the number of owners, unless the instrument creating this ownership creates interests in a different proportion.

that the passage of the right of ownership or possession and enjoyment of the property to the survivor(s) on the death of one joint tenant is a transfer taxable for inheritance tax purposes. Excluded from taxation is that fractional interest of the survivors as determined by dividing the property's clear market value by the number of joint tenants, including the decedent. This language is unambiguous and very similar to the pre-1972 law. Unlike the 1972–1976 law, the 1975 statute does not indicate that contribution is a factor to be considered in determining inheritance tax owed by the decedent. The only questions to be determined are whether property is jointly held and how many joint tenants hold title.[9] The trial court was correct in granting summary judgment to the Department because contribution is not a relevant factual issue.

Johnson argues that the property is exempted from taxation under sec. 72.12(6)(b)2, Stats., because the transfer from the corporation to the joint tenants was an incomplete transfer not subject to the gift tax. Under sec. 72.12(6)(b)1, only property that is a completed transfer is taxable in the manner described above. Section 72.12 (6)(b)2 applies to money deposits and incomplete transfers. It takes into account contribution by each of the joint tenants.

Transfer of real property into joint tenancy is a complete transfer which requires the signature of all joint tenants to transfer the entire property. Boykoff, *supra,* at 33. In addition, sec. 72.76(7), Stats. (1965), in effect

---

[9] Section 72.12(6)(b)1, Stats., states that the survivor(s)' interest to be excluded from taxation is determined by dividing the property's clear market value by the number of joint tenants, including the decedent. We assume that the Department figured the tax owed under this formula. Johnson does not argue that only one-fourth of the properties' value should be taxed because he and Veronica had an undivided one-half interest and Arliss Hill had an undivided one-half interest.

when the properties were transferred, states: "A gift shall be complete for tax purposes when the donor has divested himself of all beneficial interest in the property transferred and has no power to revest any such interest in himself or his estate."

Arliss Hill's affidavit states that each of the properties in question was originally owned by a corporation named either Wm. A. Johnson Co., Inc., or Wm. A. Johnson Homes, Inc. The corporation conveyed the property to William Johnson, Veronica Johnson and Arliss Hill. The corporation was dissolved on August 8, 1977. A completed transfer must have occurred because the corporation divested itself of all beneficial interest and could not have retained any interest because it was dissolved before Veronica Johnson's death. Since the transfer of the real property in question was a completed transfer and not "money which is invested or deposited in a financial organization" under sec. 72.12(6)(b)2, Stats., it was only entitled to the exclusion contained in sec. 72.12(6)(b)1 which was already given to the estate.

The parties concede title to the property in question was jointly held by Veronica F. Johnson, William A. Johnson and Arliss J. Hill. Upon Veronica Johnson's death, the property was transferred to William A. Johnson and Arliss J. Hill. No issue of material fact exists. The transfer is taxable under sec. 72.12(6), Stats. The trial court properly granted summary judgment to the Department.

*By the Court.*—Judgment affirmed.

GARTZKE, P.J. *(dissenting).* Section 72.12, Stats., provides in relevant part:

A tax is imposed upon any transfer to any distributee in the following cases:

. . . .

(6) (a) When property is held in the names of 2 or more persons with the right of survivorship but not as tenants in common. Upon the death of one joint tenant, the right of the surviving joint tenant or tenants to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer taxable under this subchapter at the property's clear market value. . . . .

The question is whether the decedent, an apparent joint tenant, had acquired an interest in the real estate. If she in fact acquired no such interest, then no transfer occurred at her death and no tax is imposed.

The issue arises on a petition, pursuant to sec. 72.30 (4), Stats., for a redetermination of the inheritance tax. Section 72.30 (3) (b) provides, "Where the department and any interested person are unable to agree on any issue necessary for the determination of tax under this subchapter, either may petition the circuit court to decide the issue." Accordingly, the issue whether the decedent, Veronica Johnson, had acquired any interest in the properties was properly before the court on the petition for redetermination of inheritance tax.

The only evidence submitted by the state in support of its motion for summary judgment was the estate inventory submitted by William Johnson. That inventory included legal descriptions of the properties in question, including statements that, "[r]ecord title is in Wm. A. Johnson and Veronica F. Johnson, his wife, an undivided ½ interest and Arliss J. Hill an undivided ½ interest."

In opposition to the state's motion, William Johnson submitted an affidavit by Arliss J. Hill. In substance, Hill asserts that the properties belong to a partnership in which Hill and William Johnson are the only partners and that the grantor, William A. Johnson Co., Inc., on the deeds by which Veronica Johnson was named a grantee never intended to convey an interest to her. Intention is a question of fact which must be resolved by the trial court.

*Estate of Kohn,* 43 Wis. 2d 520, 524, 168 N.W.2d 812, 814 (1969).

Whether decedent contributed to the acquisition of the properties is not dispositive. If the property was partnership property, William Johnson could have assigned his wife a joint interest as a gift. *Estate of Schreiber,* 68 Wis. 2d 135, 145, 227 N.W.2d 917, 922 (1975). How the tax law treats the question of contribution is not, however, dispositive of the question whether the decedent acquired an interest.

I am disturbed by the majority's conclusion that the tax law forbids the court from looking behind apparent record title to determine the parties' actual property interests. In *People v. Fester,* 356 P.2d 130, 132 (Colo. 1960), the Colorado Supreme Court rejected the tax commissioner's argument that statutory language similar to that of sec. 72.12(6), Stats., created a conclusive or irrebuttable presumption that title apparently passing to a joint tenant by survivorship was a taxable transfer. The *Fester* court said:

Such conclusion would not only be inequitable but would ignore the fact that property may be held in trust, and would raise serious doubts of the constitutional validity of that section of the act. It would result in imposing a tax upon a person who in fact received nothing to tax and would amount to taking his property without due process of law.

356 P.2d at 132.

Because William Johnson demonstrated that an issue of material fact exists, summary judgment was in appropriate. Sec. 802.08(2), Stats. The trial court therefore erred when it granted summary judgment to the department.