Michael RACH, Plaintiff-Appellant,

v.

William A. KLEIBER and Dale Klingbeil,
Defendants-Respondents,

REAL ESTATE ASSOCIATES OF PLYMOUTH, INC., and Era
Real Estate Associates of Kiel, Wisconsin, Defendants.

Court of Appeals

*No. 84–392. Argued December 18, 1984.—Decided March 25, 1985.*
(Also reported in 367 N.W.2d 824.)

474

For the plaintiff-appellant, there was a brief and oral argument by *Patrick Dewane, Jr.,* of *Dewane, Gregorski, Dewane & Kummer,* of Manitowoc.

For the defendants-respondents, there were briefs and oral arguments by *Phillip Kalchthaler,* of Sheboygan, on behalf of Dale Klingbeil, and *Ronald W. Damp,* of Plymouth, on behalf of William A. Kleiber.

Amicus Curiae briefs were filed by *Bronson C. La Follette,* attorney general, and *William C. Wolford,* assistant attorney general, on behalf of the Department

of Justice, and *William Pharis Horton* on behalf of the Wisconsin Realtors Association.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.   Michael Rach appeals from a judgment of the circuit court dismissing his complaint based on an order granting Kleiber's and Klingbeil's motions for summary judgment. Because reasonable alternative inferences may be drawn from the undisputed material facts, we conclude that summary judgment was not appropriate on every cause of action in this case. Accordingly, we reverse and remand for trial. However, because no issues of material fact exist as to Rach's cause of action for breach of express warranty, we conclude that summary judgment was properly granted on that issue and affirm.

The pleadings, affidavits and depositions filed in the summary judgment proceedings reveal the following facts: In December 1978, William Kleiber, in his capacity as vice president of Real Estate Associates of Plymouth, Inc., purchased certain premises in New Holstein, Wisconsin for the corporation. At the time of the purchase, Kleiber was aware that new construction had been performed on the premises but was not familiar with the construction techniques used, the quality of the materials used or whether the construction was in compliance with local building codes. In April 1979, Kleiber, as vice president and owner of Real Estate Associates of Plymouth, Inc., accepted an offer to purchase the premises from Michael Rach. Kleiber signed the offer to purchase as seller. Negotiations for the sale were handled by Dale Klingbeil as an agent, employee-salesman of Real Estate Associates of Plymouth, Inc. Klingbeil was also aware that new construction or remodeling had been performed on the premises, but he was unfamiliar with the quality of the construction. Rach

eventually purchased the property pursuant to the offer to purchase.

On March 7, 1983, Rach filed a complaint against William Kleiber and Dale Klingbeil alleging five causes of action arising out of his purchase of the house. First, Rach alleged that in March 1979, when Kleiber and Klingbeil offered to sell the house to him, they induced the sale by falsely representing the history, condition, material and workmanship of the house. He alleged that the defendants indicated the entire second story and a large portion of the first floor were brand new and the wiring throughout was new. In fact, however, the complaint alleged that the wiring and construction of the house were in violation of required municipal and statutory codes and the house was collapsing. Second, Rach alleged that the defendants made the representations based on their personal knowledge or under circumstances in which they should have known the untruth of their statements. Third, Rach alleged that in making the representations, the defendants failed to exercise ordinary care. Fourth, the complaint alleged that in May 1979, when Rach contracted to buy the house, the defendants represented and warranted to him that they had no notice or knowledge of any structural or mechanical defects of material significance in the property. In fact, he alleged, the house had many defects of material significance about which the defendants knew or should have known. Last, Rach alleged that the defendants advertised the property publicly and that the public advertisements and representations were untrue, deceptive and misleading under sec. 100.18, Stats. The advertisements represented the house as a "[h]andyman's special," "[s]econd story is new" and "all the expensive work is done; all you have to do are the finishing touches."

Both Kleiber and Klingbeil filed answers requesting that Rach's complaint be dismissed on its merits. During October 1983, both Kleiber and Klingbeil filed motions for

summary judgment for dismissal of Rach's complaint on the grounds that no genuine issue as to any material fact existed and that they were entitled to judgment of dismissal as a matter of law.

On January 31, 1984, the trial court granted both Kleiber's and Klingbeil's motions for summary judgment. The trial court found that no representations were made regarding the history, condition, material and workmanship of the house and concluded that no misrepresentations were made by either Kleiber or Klingbeil.[1] On that basis, the trial court granted the motions for summary judgment on Rach's first three causes of action—misrepresentation with reckless disregard for the truth of the matter, strict responsibility and negligent misrepresentation—alleged in the complaint.

Regarding the fourth cause of action—express warranty—the trial court concluded that an express warranty can be made by the seller or a person acting on the seller's behalf but only the seller can ultimately be liable. The trial court found that neither Kleiber nor Klingbeil was the seller and that Klingbeil did not know who the seller was. Therefore, summary judgment was granted.

Finally, with respect to Rach's cause of action for fraudulent advertising under sec. 100.18(1), Stats., the trial court stated that the only dispute raised was whether the representations as to "new," "handyman

---

[1] The only representation really in issue, according to the trial court, was Klingbeil's reference to "new" construction. While the trial court noted Rach's contention that identifying the construction as "new" implied that proper construction methods were used and all building codes were met, it found that neither Kleiber nor Klingbeil was in any way responsible for the construction of any part of the house. The trial court also noted Rach's argument that Kleiber and Kingbeil had a duty to investigate the construction but stated that it was not aware of any duty imposed by statute, administrative code or case law which requires a broker or salesperson to make affirmative inquiries into the quality of the construction.

special" and that "the expensive part of the construction was complete" were untrue, deceptive or misleading under the statute. The court concluded that the construction was indeed "new" albeit "poor new construction." It found that the quality of the construction had not been represented and therefore granted the motions for summary judgment. Rach appeals.

A motion for summary judgment is governed by sec. 802.08(2), Stats. Section 802.08(2) provides that the judgment sought shall be rendered by the trial court if the pleadings and affidavits of the parties show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The purpose of summary judgment is to obviate the need for a trial where there is no genuine issue as to any material fact. *Heck & Paetow Claim Service, Inc. v. Heck*, 93 Wis. 2d 349, 355, 286 N.W.2d 831, 834 (1980). If the material facts are in dispute, if competing inferences might be drawn from the facts, or if the application of the controlling law to the facts is uncertain, summary judgment should not be granted. *Tomlin v. State Farm Mutual Automobile Liability Insurance Co.*, 95 Wis. 2d 215, 218–19, 290 N.W.2d 285, 287 (1980). Any reasonable doubt as to the existence of a genuine issue of material fact should be resolved against the moving party. *Grams v. Boss*, 97 Wis. 2d 332, 338–39, 294 N.W.2d 473, 477 (1980).

In reviewing a trial court's decision on a motion for summary judgment, this court must apply the standards set forth in sec. 802.08, Stats., in the same manner as the trial court. *Kremers-Urban Co. v. American Employers Insurance Co.*, 119 Wis. 2d 722, 733, 351 N.W.2d 156, 162 (1984). We must reverse the decision granting

a motion for summary judgment if we find that the trial court erred in determining that there is no genuine issue as to any material fact. *Prince v. Bryant,* 87 Wis. 2d 662, 666, 275 N.W.2d 676, 678 (1979). The procedure for determining whether any issue of material fact exists was stated in *In re Estate of Johnson,* 113 Wis. 2d 126, 129–30, 334 N.W.2d 574, 576–77 (Ct. App. 1983), quoting *Schroeder, Gedlen, Riester & Moerke v. Schoessow,* 103 Wis. 2d 380, 385, 309 N.W.2d 10, 12–13 (Ct. App. 1981), *rev'd on other grounds,* 108 Wis. 2d 49, 321 N.W.2d 131 (1982):

The first step is to examine the pleadings to determine whether a claim has been stated and whether a genuine issue of fact is presented. If the complaint states a claim and the pleadings show the existence of factual issues, the second step is to examine the moving party's affidavits and other proof to determine whether the party has made a prima facie case for summary judgment. To make a prima facie case, a moving defendant must show a defense which would defeat the plaintiff. If the moving party has made a prima facie case, the third step is to examine the affidavits and other proof of the opposing party to determine whether there exist disputed material facts or undisputed material facts from which reasonable alternative inferences may be drawn, sufficient to entitle the opposing party to a trial.

We have examined the complaint and determined that it states a claim. We have also examined the answers and determined that factual issues are presented. Because we conclude that Kleiber and Klingbeil have made a prima facie case for summary judgment, we proceed to a determination of whether there exist disputed material facts or undisputed material facts from which reasonable alternative inferences may be drawn, sufficient to entitle Rach to a trial.

First, Rach contends that the trial court erred in granting the motions for summary judgment because

there exist undisputed material facts from which reasonable alternative inferences may be drawn. He claims that there exist competing reasonable inferences as to the meaning of the representation of "new" construction. Upon our review of the pleadings, affidavits and evidentiary record, we agree.

In his affidavit in support of his motion for summary judgment, Kleiber averred that he knew the new construction had been performed on the premises but that he had no knowledge of the construction techniques used, the quality of the material or whether the construction complied with local building codes. In Klingbeil's deposition and affidavit in support of his motion for summary judgment, he stated that he had spoken with Rach about the new electrical box and the new wiring at the time he showed the house but that he did not make any representations to him. He averred that he knew the new construction had been performed but that he did not know when or for whom it had been done. He further stated that he did not know what construction techniques were used, the quality of the material used or whether the construction complied with municipal building codes. However, Klingbeil stated that as a buyer, he would expect the construction of a "new" addition to meet standards prevailing in the building industry.

In his deposition and affidavits in opposition to the motions for summary judgment, Rach averred that Klingbeil stated the house had new siding, new windows, a new second story, a new roof, all new wiring and a new electrical box. He stated that there was, in fact, new wiring and new construction but that the roof rafters had been breaking and the roof was partially collapsed, the first story was collapsing, the new construction had eight-foot walls while the older portion of the house had ten-foot walls, the main beam through the

first floor living room was giving way under the weight of the second story and that the ends of the new wiring were taped together and improperly capped. Rach stated that Klingbeil did in fact make these representations contrary to Klingbeil's affidavit claiming that he did not make any representations to Rach. Rach averred that neither Kleiber nor Klingbeil limited his statements to indicate a lack of knowledge of the quality of the construction.

In her affidavit in opposition to the motion for summary judgment, Betty Rach, Michael Rach's wife, stated she was present with Michael at the time Klingbeil showed them the house and that Klingbeil stated the second story, the living room, and the basement under that portion of the house were all new. She averred that Klingbeil also stated the wiring in that part of the house was new, including the circuit breakers and the electrical box.

We conclude the affidavits and depositions demonstrate that there exist undisputed material facts from which reasonable alternative inferences may be drawn sufficient to entitle Rach to a trial. The fact that Klingbeil represented certain portions of the house as "new" is not disputed. However, we conclude that competing reasonable inferences exist as to the meaning of the term "new." Whether "new" refers only to the age of the construction and means that the construction was only recently completed, or whether "new" means that the construction meets certain standards prevailing in the building industry is a question to be decided by a trier of fact at trial. Because reasonable alternative inferences may be drawn from the reference to "new" construction, summary judgment was not properly granted. Therefore, the issues of whether the representations were made under circumstances wherein

Kleiber and/or Klingbeil could be liable under theories of misrepresentation with reckless disregard for the truth of the matter, strict responsibility for the truth of the statements or negligent misrepresentation are issues which cannot be resolved upon the motion for summary judgment. *See Stevenson v. Barwineck,* 8 Wis. 2d 557, 563, 99 N.W.2d 690, 694 (1959).

Next, Rach contends that the trial court erred in granting summary judgment on his cause of action for breach of express warranty. He claims that Kleiber and Klingbeil are liable for breach of the following warranty contained in the offer to purchase:

Seller warrants and represents to Buyer that Seller has no notice or knowledge of:

. . . .
(c) ANY STRUCTURAL OR MECHANICAL DE-FECTS OF MATERIAL SIGNIFICANCE IN PROP-ERTY, INCLUDING ADEQUACY AND QUALITY OF WELL AND SANITARY DISPOSAL SYSTEMS, EX-CEPT NONE.

In his affidavit, Klingbeil stated that in his capacity as an agent, employee-salesman of Real Estate Associates of Plymouth, Inc., he negotiated an offer to purchase with Rach for the premises owned by Real Estate Associates of Plymouth, Inc. He stated that he did not sign either the offer to purchase or the warranty deed.

In Kleiber's affidavit, he averred that at all times material to the allegations of Rach's complaint, he was engaged in the real estate business as an officer and employee of Real Estate Associates of Plymouth, Inc. He stated that he accepted an offer to purchase from Michael Rach as vice president of Real Estate Associates of Plymouth, Inc., although the offer to purchase does not indicate his status as such. He further stated that subsequent to the acceptance, a warranty deed was

drafted for conveyance of the premises to Rach on behalf of Real Estate Associates of Plymouth, Inc., the owner of record.

In Rach's affidavit in opposition to the motion for summary judgment, he stated that Kleiber signed the offer to purchase as seller and that there was never an indication that Kleiber was acting as an agent or officer of the corporation. He also stated that at the closing, he received a broker's settlement signed by Kleiber as seller and as agent for the corporation and a buyer's settlement statement signed by Kleiber as seller.

We conclude that the affidavits and supporting documents do not present an issue of material fact. The evidentiary record shows that neither Kleiber nor Klingbeil was the owner of the property and that neither of them was acting in his personal capacity during the negotiations. While the offer to purchase does not indicate that Kleiber was acting in his capacity as an agent of the corporation, the warranty deed clearly identifies Real Estate Associates of Plymouth, Inc. as the seller. We note further that Rach does not contend Kleiber was in fact the seller. Rach merely states that Kleiber signed the documents as seller but contends that the precise ownership of the property was never disclosed.

In *Diamond Homes, Inc. v. Bodovinac*, 42 Wis. 2d 683, 690, 168 N.W.2d 75, 79 (1969), the supreme court held that a real estate agent is not responsible for the truth of statements contained in an offer to purchase. If the seller signs an offer to purchase without crossing out or modifying the statements contained therein, the seller becomes responsible for the accuracy of the statement. *Id.* Because both Kleiber and Kingbeil were acting in their capacities as agents of the corporation, we conclude that summary judgment was properly granted.

Last, Rach contends that the trial court erred in dismissing his cause of action for fraudulent advertising under sec. 100.18(1), Stats., because competing reasonable inferences exist as to the meaning of the representations made in the advertisements.[2] We agree.

Section 100.18(1), Stats., provides in pertinent part:

No person, firm, corporation or association, or agent or employe thereof, with intent to sell . . . any real estate . . . or with intent to induce the public in any manner to enter into any contract or obligation relating to the purchase . . . of any real estate . . . shall make, publish, disseminate, circulate, or place before the public, or cause, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public, in this state, in a newspaper, magazine or other publication, or in the form of a . . . notice . . . poster, bill, circular, pamphlet, letter . . . placard . . . or over any radio or television station, or in any other way similar or dissimilar to the foregoing, an advertisement, announcement, statement or representation of any kind to the public relating to such . . . sale . . . of such real estate . . . or to the terms or conditions thereof, which advertisement, announcement, statement or representation contains any assertion, representation or statement of fact which is untrue, deceptive or misleading.

This section "is aimed at protecting the public from untrue, deceptive or misleading representations made in sales promotions." *State v. Automatic Merchandisers of America, Inc.*, 64 Wis. 2d 659, 665, 221 N.W.2d 683, 686–87 (1974).

Attached to his affidavit in opposition to the motion for summary judgment, Rach supplied copies of advertise-

---

[2] We conclude that Kleiber and Klingbeil have waived any defense based on the statute of limitations on this issue. Neither Kleiber nor Klingbeil raised the issue by motion nor pled the statute of limitations as an affirmative defense. Consequently, it is deemed waived. *See County of Milwaukee v. Labor & Industry Review Commission*, 113 Wis. 2d 199, 206, 335 N.W.2d 412, 416 (Ct. App. 1983).

ments for the house. These advertisements represented that "all the expensive work is done; all you have to do are the finishing touches," "[s]econd story is new" and that the house was a "[h]andyman's special."

We conclude that competing inferences exist as to the meanings of these representations. Therefore, the issue of whether these representations are untrue, deceptive or misleading under sec. 100.18(1), Stats., is not one appropriately decided on a motion for summary judgment. Consequently, we hold that summary judgment was also inappropriate as to Rach's cause of action under sec. 100.18(1).

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded for trial.