Daniel SCHROEDER, Plaintiff-Appellant,

v.

Jacqueline L. PEDERSEN, Judith A. Teske,
Badger State Mutual Casualty Company, and
American Family Mutual Insurance Company,
Defendants-Respondents.

Court of Appeals

*No. 85-0326. Submitted on briefs January 21, 1986.—
Decided April 15, 1986.*
(Also reported in 388 N.W.2d 927.)

For the appellant there was a brief by *Richard J. Stadelman* and *Aschenbrener, Woods, Lamia, Stadelman & Schmidt, S.C.,* of Shawano.

For the respondents, Jacqueline L. Pedersen and Badger State Mutual Casualty Company, there was a brief by *Herrling, Clark, Hartzheim & Siddall, Ltd.,* and *Kevin Lonergan* of Appleton, and *Denissen, Kranzush, Mahoney & Ewald, S.C.,* and *Shannon Mahoney* of Green Bay.

For the respondents, Judith A. Teske and American Family Mutual Insurance Company, there was a brief by *Everson, Whitney, Everson & Brehm, S.C.,* and *R. A. Charnholm* and *Bruce B. Deadman* of Green Bay, and *Johnson, Hansen, Shambeau & Johnson, S.C.,* and *Stephen F. Hansen* of Waupaca.

Before Cane, P.J., Dean and LaRocque, JJ.

CANE, P.J.   Daniel Schroeder appeals a summary judgment in favor of Jacqueline Pedersen and her insurer, Badger State Mutual Casualty Company, and Judith Teske and her insurer, American Family Mutual Insurance Company. Schroeder argues that the trial court erred by holding that the release of an actively negligent tortfeasor also released two vicariously liable joint venturers. Because we conclude that the release discharged the liability of all the joint venturers, we affirm the judgment.

Schroeder was seriously injured by a malfunctioning saw while helping his father cut wood. The site of the woodcutting operation was a lot jointly owned by Schroeder's father and the two individual defendants, Pedersen and Teske. For purposes of this appeal, the parties have stipulated that the woodcutting operation was a joint venture.

Prior to the commencement of this action, Schroeder entered into a *Pierringer* release with his father, releasing him from liability for the accident in consideration of a $50,000 payment. Schroeder now demands $250,000 in damages from Pedersen and Teske. The parties have stipulated that the only active negligence involved in the accident was that of Schroeder's father.

■

Summary judgment is proper if the pleadings and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Section 802.08(2), Stats. When reviewing the trial court's decision on a motion for summary judgment, we must apply the standards

set forth in sec. 802.08 in the same manner as the trial court. *Rach v. Kleiber,* 123 Wis. 2d 473, 478, 367 N.W.2d 824, 827 (Ct. App. 1985).

Schroeder argues that the parties' clear intent was to release only the active tortfeasor, and that the release of an active tortfeasor does not automatically release tortfeasors whose liability is vicarious and imputed on the basis of the negligence of the active tortfeasor.

██

A *Pierringer* release absolves the settling tortfeasor's liability while allowing the plaintiff to proceed against any non-settling defendants for the percentage of damages attributable to their negligence. *See Pierringer v. Hoger,* 21 Wis. 2d 182, 191–92, 124 N.W.2d 106, 111–12 (1963); *Peiffer v. Allstate Insurance Co.,* 51 Wis. 2d 329, 335–36, 187 N.W.2d 182, 185 (1971). In this case, the parties agree that Schroeder's father is 100% responsible for any negligence that cannot be attributed to Schroeder. Pederson and Teske's liability is purely derivative, stemming from the active negligence of Schroeder's father.

██

Although Pedersen and Teske can be held vicariously liable for damages caused by their joint venturer's negligence, *see* 46 Am.Jur. 2d *Joint Ventures* § 58 (1969), they in turn have an action for contribution against their joint venturer for any damage award that results in an unequal division of the common burden. *See Giese v. Montgomery Ward, Inc.,* 111 Wis. 2d 392, 404, 331 N.W.2d 585, 591 (1983). Since Schroeder agrees in the release to indemnify his father from any future liability for negligence, allowing Schroeder to maintain an action against Pedersen and Teske is

pointless and will result in undesirable multiple litigation and circuity of action. *See Swanigan v. State Farm Insurance, Co.,* 99 Wis. 2d 179, 202, 299 N.W.2d 234, 245 (1980). We hold that in a tort action based exclusively on the active negligence of a joint venturer, a valid release of the sole actively negligent joint venturer also releases the other joint venturers from liability, even though the release specifically reserves claims against all other persons. *See Dickey v. Meier,* 197 N.W.2d 385, 388 (Neb. 1972).[1]

*By the Court.*—Judgment affirmed.

---

[1] This holding comports with the rule in master-servant cases, where the release of a servant operates to release a master who is liable solely under the doctrine of respondeat superior. *See Sade v. Hemstrom,* 471 P.2d 340, 348 (Kan. 1970); *Smith v. City of Flint School Dist.,* 264 N.W.2d 368, 370 (Mich. 1978).