**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 12, 2010[*]
Decided May 24, 2010

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-2870

| | |
|---|---|
| GORDAN BATES,<br>    *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Western District of Wisconsin. |
| *v.* | No. 3:08-cv-00465-slc |
| WISCONSIN DEPARTMENT OF<br>WORKFORCE DEVELOPMENT, et. al,<br>    *Defendants-Appellees.* | Barbara B. Crabb,<br>*Judge.* |

**O R D E R**

Gordan Bates claims that several Wisconsin agencies and their employees violated the Americans with Disabilities Act, *see* 42 U.S.C. § 12132, and the Wisconsin Deceptive Trade Practices Act (WDTPA), *see* WIS. STAT. § 100.18.  The district court granted summary judgment for the defendants on both claims.  *Bates v. Wis. Dep't of Workforce Dev.*, 636 F. Supp. 2d 797, 799 (W.D. Wis. 2009).  We affirm the judgment.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Accordingly, the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2)-(3).

Bates is a Bosnian refugee who worked as an architect before coming to the United States. He suffers from a respiratory ailment similar to asthma. Bates was jobless and applied for assistance from the Division of Vocational Rehabilitation ("DVR"), an agency within the Wisconsin Department of Workforce Development that aids persons with disabilities in finding gainful employment. In late 2005 the DVR began trying to find a job for Bates in the field of architecture, but after a few months he decided that he preferred to go into business for himself as an architect. The DVR then shifted its focus to helping him get his business off the ground. Bates also received advice from employees of the Wisconsin Department of Agriculture, Trade and Consumer Protection, which, through its Client Assistance Program, supports persons in resolving disputes with the DVR. Yet two years of collective effort proved fruitless. Bates insisted on a $70,000 grant from the DVR for start-up funds, but the DVR conditioned any money on his submission of a satisfactory business plan addressing sources of funding, operating costs, and the likelihood of profitability. The DVR staff helped Bates prepare his plan, but the agency's reviewing committee disapproved it and denied funding with the explanation that Bates had not provided information on bookkeeping and insurance, had a poor credit history, and had not become licensed as an architect in Wisconsin. About eight months later, a hearing officer employed by the Alliance of Impartial Hearing Officers upheld the committee's decision.

Bates did not try to remedy the shortcomings in his plan. Instead he filed this lawsuit naming as a defendant every department, agency, and individual employee that had any connection to his dealings with the DVR. Bates claimed that he was denied the start-up grant because of his respiratory disorder and because he stutters, in violation of Title II of the ADA. *See* 42 U.S.C. § 12132. He further claimed that, from the start, the defendants had misrepresented his prospects of obtaining funding, in violation of the WDTPA. *See* WIS. STAT. § 100.18.

Both sides moved for summary judgment. In their consolidated motion the defendants asserted that Bates's claims are barred by the Eleventh Amendment and, in addition, lacking in merit. The district court rejected the immunity defense but agreed with the defendants that the claims are groundless. Although the court accepted that Bates is disabled by his respiratory disorder (but not the speech impediment), the court reasoned that Bates lacked evidence of a satisfactory business plan and thus could not establish that he was refused funding because of a disability. The district court also concluded that the defendants' discussions with Bates about his prospects for self employment could not be the basis of a claim under the WDTPA.

On appeal the defendants no longer argue that the Eleventh Amendment bars the ADA claim, but still they insist that the claim is without merit.  Bates makes a number of arguments for reversal, but only two were raised in the district court, and so the rest are waived.  *See Bus. Sys. Eng'g, Inc. v. Int'l Bus. Mach. Corp.*, 547 F.3d 882, 889 n.3 (7th Cir. 2008); *Hicks v. Midwest Transit, Inc.*, 500 F.3d 647, 652 (7th Cir. 2007).

Bates spends a significant portion of his brief arguing that his speech impediment is a disability, but the answer to that question falls away if, as the district court concluded, Bates lacks evidence that a disability—whether it be one or both impairments—was the reason for denying his grant application.  Bates seems to believe that his ADA claim was established simply because he has a disability that qualified him for assistance from the DVR.  But this assumption misses the mark.  The ADA protects a "qualified individual with a disability" who is, by reason of such disability, "excluded from participating in or . . . denied the benefits of the services, programs, or activities of a public entity."  42 U.S.C. § 12132; *Wis. Comty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 750 (7th Cir. 2006).

Here the district court concluded that, as to the grant money, Bates was not a "qualified individual" because he never supplied a satisfactory business plan.  *Bates,* 636 F. Supp. 2d at 809.  Bates does not dispute that conclusion on appeal.  If a government program does not vary service on the basis of disability, but rather upon the basis of the recipient's ability to make meaningful use of the provided service, the program does not violate Title II of the ADA.  *See Doe v. Pfrommer,* 148 F.3d 73, 81-84 (2d Cir. 1998) (affirming summary judgment for state agency that obtains employment for disabled persons where plaintiff was not placed in employment because of his behavior patterns which plaintiff refused to remedy, not because he suffered from personality disorder); *Flight v. Gloeckler,* 68 F.3d 61, 64 (2d Cir. 1995) (per curiam) (affirming summary judgment for state agency that provides money to disabled persons where plaintiff was denied grant to modify vehicle because he was unable to drive, not because of his multiple sclerosis); *see also Berg v. Fla. Dep't of Labor & Employment Sec.,* 163 F.3d 1251, 1255 (11th Cir. 1998) (upholding rejection of plaintiff's Rehabilitation Act claim against state agency that funds disabled persons' college education where plaintiff was denied funds to attend law school because graduate school funding was outside the scope of services, not because plaintiff was disabled); *Mallet v. Wis. Div. of Vocational Rehabilitation,* 130 F.3d 1245, 1257 (7th Cir. 1997) (same).

As far as the WDTPA claim, the defendants press their position that all of them, including the individual employees, are immune from liability as "public officers."  But the Eleventh Amendment does not bar a state-law claim against a state employee in an individual capacity.  *E.g., Guillemard-Ginorio v. Contreras-Gomez*, 585 F.3d 508, 531 (1st Cir. 2009); *Reyes v. Sazan,* 168 F.3d 158, 162-63 (5th Cir. 1999); *Bad Frog Brewery, Inc. v. N.Y. State*

*Liquor Auth.*, 134 F.3d 87, 102 (2d Cir. 1998); *Pena v. Gardner,* 976 F.2d 469, 474 (9th Cir. 1992); *Green v. Johnson,* 977 F.2d 1383, 1388 (10th Cir. 1992). The defendants also advance the contention that Bates failed to serve the Attorney General of Wisconsin with notice of the claim against the individual employees, and thus could not proceed with this suit. *See* WIS. STAT. § 893.82(3). But this argument is raised for the first time on appeal and comes too late. *See Bus. Sys. Eng'g, Inc.,* 547 F.3d at 889 n.3; *Hicks,* 500 F.3d at 652.

But it matters not because Bates's WDTPA claim is meritless. The WDTPA prohibits "any person, firm, corporation, or association" from making any untrue, deceptive, or misleading representation "to the public" with the intent to induce an obligation. WIS. STAT. § 100.18. This statute does not apply to representations made by the defendant agencies because Wisconsin law presumes that state regulatory statutes do not apply to the state and its agencies absent specific language to the contrary. *Wis. Veterans Home v. Div. of Nursing Home Forfeiture Appeals*, 310 N.W.2d 646, 648 (Wis. Ct. App. 1981). Further, the statute by its terms applies only to commercial transactions. *See State v. Automatic Merchandisers. of Am. Inc.*, 221 N.W.2d 683, 686-87 (Wis. 1974) ("[The WDTPA] is aimed at protecting the public from untrue, deceptive or misleading representations made in sales promotions."); *Dorr v. Sacred Heart Hosp.*, 597 N.W.2d 462, 473 (Wis. Ct. App. 1999) ("[The WDTPA] prohibits deceptive, misleading, or untrue statements of any kind to the public made in a commercial setting"). Here the DVR was not offering services or products for commercial value, but rather grant money as part of a governmental program. But even if the statute applies to a government agency offering special services, Bates is not a member of "the public" as required under the WDTPA. *See Novell v. Migliaccio*, 749 N.W.2d 544, 553 (Wis. 2008) (stating that an essential element of liability under WDTPA is that plaintiff is a member of "the public"); *K & S Tool & Die Corp. v. Perfection Mach. Sales, Inc.*, 732 N.W.2d 792, 798-99 (Wis. 2007) (same). One is not a member of "the public" if there is a particular relationship with the defendant. *See Automatic Merchandisers. of Am. Inc.*, 221 N.W.2d at 686; *Kailin v. Armstrong,* 643 N.W.2d 132, 149 (Wis. Ct. App. 2002). And the undisputed facts demonstrate that the discussions about grant funding occurred only after Bates was accepted as a client of the DVR based on his disability. As the district court correctly noted, this relationship distinguished him from the public at large.

**AFFIRMED**.