Victor RIVERA, Jr., Plaintiff-Appellant,

v.

Carl SAFFORD, Defendant-Appellant.†

Court of Appeals

No. 85–0303. Submitted on briefs July 2, 1985.—
Decided October 4, 1985.
(Also reported in —— N.W.2d ——.)

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

For the plaintiff-appellant the cause was submitted on the briefs of *James K. Muehlbauer* of Milwaukee.

For the defendant-respondent the cause was submitted on the briefs of *Murray & Moake, S.C.*, with *Richard D. Moake* and *Laurie A. Eggert* of counsel, of Milwaukee.

Before Wedemeyer, P.J., Moser and Sullivan, JJ.

SULLIVAN, J.   Victor Rivera, Jr., (Rivera) appeals from a summary judgment in favor of Carl Safford (Safford) and an order denying his motion for recon-

sideration. Because there were no material facts in issue, and because the worker's compensation laws preclude Rivera's claim, the trial court properly granted summary judgment for Safford. We affirm.

Rivera and Safford are both city of Milwaukee police officers. On October 5, 1983, Safford stopped a juvenile on a traffic violation. The juvenile suspect fled, and Safford gave chase. Safford drew his revolver and ordered the suspect to halt, but the suspect instead charged at Safford. The two scuffled and the suspect again fled. In the process, Safford discovered he had lost his revolver and police radio.

Eventually the suspect was apprehended by Rivera and a third officer. Safford caught up to the suspect and asked him why he had run. The suspect shrugged. Safford swung at him with an open hand, but the suspect ducked. Safford's blow struck Rivera in the face, breaking Rivera's nose and glasses.

Rivera sued Safford for the battery. The trial court denied Rivera's motion for partial summary judgment on the issue of liability and entered summary judgment for Safford. The court denied Rivera's motion for reconsideration. Rivera appeals.

Three issues are before us in this case: (1) Does sec. 102.03(2), Stats., allow an employee to sue a coemployee directly to recover for harm intended to another, under the doctrine of "transferred intent"? (2) Does sec. 102.03(2) require the coemployee to be acting within the scope of his employment in committing the assault? (3) If so, was Safford acting within the scope of his employment in striking Rivera?

Section 802.08(2), Stats., provides that summary judgment is proper if the parties' pleadings and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In reviewing a trial court's

decision on a motion for summary judgment, this court must apply the standards set forth in sec. 802.08 in the same manner as the trial court. *Rach v. Kleiber,* 123 Wis. 2d 473, 478, 367 N.W.2d 824, 827 (Ct. App. 1985).

Upon review of the record, we agree with the trial court that this case presents no genuine issue as to any material fact. Safford admitted the salient facts of the complaint both in his answer and in his sworn testimony before the Milwaukee Fire and Police Commission, a transcript of which was appended to his brief in opposition to summary judgment. We must therefore determine whether Safford was entitled to judgment as a matter of law. To do so, we must examine sec. 102.03 (2), Stats., which provides for an exception to the exclusive remedy of worker's compensation. That section provides, in pertinent part:

> (2) Where such conditions [of worker's compensation liability] exist the right to the recovery of compensation under this chapter shall be the exclusive remedy against the employer, any other employe of the same employer and the worker's compensation insurance carrier. *This section does not limit the right of an employe to bring action against any coemploye for an assault intended to cause bodily harm* . . . . [Emphasis added.]

Interpretation of a statute is a question of law, which we review without deference to the trial court. *Town of Seymour v. City of Eau Claire,* 112 Wis. 2d 313, 319, 332 N.W.2d 821, 823 (Ct. App. 1983). In construing a statute, we must first resort to the statutory language itself. *Id.* Absent ambiguity, the words of the statute must be given their obvious and ordinary meaning. *Id.,* 332 N.W.2d at 823–24. Whether the statutory standards of the Worker's Compensation Act apply to undisputed facts is also a question of law. *Nigbor v. DILHR,* 115 Wis. 2d 606, 611, 340 N.W.2d 918, 921 (Ct. App. 1983), *aff'd* 120 Wis. 2d 375, 355 N.W.2d 532 (1984).

The Worker's Compensation Act, ch. 102, Stats., provides an exclusive remedy against the employer or a coemployee to an employee who is injured while performing service growing out of and incidental to his or her employment, where the accident causing the injury arises out of his or her employment. Sec. 102.03(1)(c), (1)(e), and (2), Stats.; *Goranson v. DILHR*, 94 Wis. 2d 537, 549, 289 N.W.2d 270, 276 (1980) (citation omitted). An employee, however, may bring an action against a coemployee for an assault intended to cause bodily harm. Sec. 102.03(2).

Rivera argues that the phrase "assault intended to cause bodily harm" in sec. 102.03(2), Stats., should be extended by the common law tort doctrine of "transferred intent" to allow him to recover against Safford. Under that doctrine, the intent to commit a battery is transferred from the intended victim to the injured bystander, making the actor civilly liable to the bystander. *See Prosser and Keeton on the Law of Torts* § 8 at 37–39 (5th ed. 1984); *Restatement (Second) of Torts* §§ 16(2), 20(2).

We refuse to extend the statute to cover cases of transferred intent. The legislature has clearly spelled out the assault exception to worker's compensation's exclusive remedy. We cannot read the doctrine of "transferred intent" into a clearly-worded statute. The obvious and ordinary meaning of the phrase "assault intended to cause bodily harm" is that the assault must be actually intended to cause harm to the injured employee. To hold otherwise would flood the courts with claims that the legislature intended be disposed of by worker's compensation. *See Messner*, 120 Wis. 2d at 137, 353 N.W.2d at 368. The legislature intended that the costs of nonintentional work-related torts be borne by the employer under worker's compensation. *Oliver v. Travelers In-*

*surance Co.,* 103 Wis. 2d 644, 648, 309 N.W.2d 383, 385 (Ct. App. 1981). We cannot indulge in judicial legislating to thwart that intent.

Our result is consistent with that reached in other jurisdictions. *See Bazley v. Tortorich,* 397 So. 2d 475, 480 (La. 1981) (most state courts imposing penalties for employer's intentional misconduct refuse to include constructive intent); *Bryan v. Jeffers,* 248 A.2d 129, 130 (N.J. Super. Ct. App. Div. 1968) (per curiam) (intent means deliberate intention). *See also* 2A A. Larson, *The Law of Workmen's Compensation* § 69.21 at 13–111 (1983) (intent must be real and deliberate rather than constructive); *id.* § 72.26 at 14–110 to 14–111 (intentional misconduct must be personal as to the plaintiff).

Rivera next asserts that worker's compensation precludes relief against a coemployee *only* where the coemployee was acting within the scope of his employment. Rivera argues that because Safford was acting outside of the scope of his employment, Safford is not immune from suit.

Subsections 102.03(1)(a), (c), and (e) state as follows:

102.03 Conditions of liability. (1) Liability under this chapter shall exist against an employer only where the following conditions concur:
(a) Where the employe sustains an injury.
. . . .
(c) 1. Where, at the time of the injury, the employe is performing service growing out of and incidental to his or her employment. . . .
. . . .
(e) Where the accident or disease causing injury arises out of his employment.

From a reading of the statute, it is clear that only the injured employee, and not the injuring coemployee, need

have been acting within the scope of his or her employment at the time of the injury. Rivera contends that "arises out of his employment" refers to the coemployee, not to the injured employee. We disagree. "[A]n accident arises out of employment when by reason of employment the employee is present at a place where he is injured through the agency of a third person, an outside force, or the conditions of the location constituting a zone of special danger." *Cutler-Hammer, Inc. v. Industrial Commission,* 5 Wis. 2d 247, 254, 92 N.W.2d 824, 828 (1958).

On motion for reconsideration, the trial court ruled that even if the statute did require Safford to be acting within the scope of his employment, he was so acting when he struck Rivera instead of the juvenile suspect. The court held that Safford's action in striking Rivera was a temporary or momentary diversion which did not take Safford out of the scope of his employment.

While the trial court's ruling for Safford was correct, its secondary reason for doing so, that Safford was acting within the scope of his employment in striking Rivera, is incorrect. Nevertheless, we uphold the trial court's decision. *State v. Alles,* 106 Wis. 2d 368, 391, 316 N.W.2d 378, 388 (1982).

Upon the foregoing reasons, we affirm.

*By the Court.*—Judgment and order affirmed.