Wilbert WICK, Personal Representative of the Estate of Henry Wick, deceased, Plaintiff-Appellant,

v.

Dale WATERMAN, individually, and Eleanor Waterman, husband and wife, and in relation to their marital property, Defendants-Respondents.

Court of Appeals

*No. 87–1232. Submitted on briefs December 9, 1987.—Decided February 25, 1988.*

(Also reported in 421 N.W.2d 872.)

For the plaintiff-appellant the cause was submitted on the briefs of *James H. Mathis* and *Schechter and Mathis,* of La Crosse.

For the defendant-respondent the cause was submitted on the brief of *Bryant Klos* and *Steele, Klos, & Flynn-Chartered,* of La Crosse, and *Alex Cameron* and *Cameron, Nix, Collins & Quillan, Ltd.,* of La Crosse.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J. Wilbert Wick is the personal representative of the estate of Henry Wick. He appeals from a judgment dismissing his complaint against Dale Waterman. Waterman died during the litigation. The trial court dismissed the complaint because Wilbert Wick failed to serve notice of substitution for Waterman within 90 days of the suggestion of his death on the record. Sec. 803.10(1)(a), Stats.

The dispositive issue is whether under sec. 803.10(1)(a), Stats., a suggestion of death of a party which fails to identify a proper substitute party triggers the running of the 90-day period to move to substitute. We hold that the suggestion of death is

insufficient and therefore does not trigger the 90-day period. For that reason, we conclude that the trial court should not have dismissed the complaint, and we reverse.

The complaint alleges that Wilbert Wick succeeded to Dale Waterman as personal representative of the Estate of Henry Wick and that Waterman wrongfully acquired estate assets. After the action was commenced, Waterman died. Waterman's attorney of record, in his own name, mailed a formal "Suggestion of Death of One of the Parties Defendant" to the trial court and to Wilbert Wick. The "suggestion" states the place and date of Waterman's death and his residence but does not identify a person who could be substituted for Waterman.

Ninety days later, even though he had not yet been appointed, Wilbert Wick moved to substitute himself as special administrator of Waterman's estate. It is undisputed that no other person had been appointed or had petitioned to appoint a personal representative of Waterman's estate. Wick petitioned to appoint himself and was later appointed special administrator. The trial court dismissed Wick's complaint because he had not been appointed until after the 90-day period provided in sec. 803.10(1)(a), Stats., had run.

■■■

The construction and application of a statute to the established facts is a question of law. *Mogilka v. Jeka,* 131 Wis. 2d 459, 471, 389 N.W.2d 359, 364 (Ct. App. 1986). We owe no deference to the trial court's views on a question of law. *Rivera v. Safford,* 126 Wis. 2d 462, 465, 377 N.W.2d 187, 188 (Ct. App. 1985).

█

In *Wheeler v. General Tire & Rubber Co.,* 142 Wis. 2d 798, 807, 419 N.W.2d 331, 334 (Ct. App. 1987), we noted that sec. 803.10(1)(a), Stats., is almost identical to and is based on Rule 25(a)(1) of the Federal Rules of Civil Procedure. Federal precedents may have value when we construe a Wisconsin procedural rule based on a federal rule. *Id.* We therefore looked to federal cases for guidance in construing sec. 803.10(1)(a). We again do so.

█

Relying on the history of the federal rule, *Rende v. Kay,* 415 F.2d 983 (D.C. Cir. 1969), held that a suggestion of death which failed to identify a proper party to substitute for a deceased defendant did not trigger the running of the 90-day period. *Accord, Al-Jundi v. Rockefeller,* 88 F.R.D. 244, 246–47 (W.D.N.Y. 1980); *Yonofsky v. Wernick,* 362 F. Supp. 1005, 1011–12 (S.D.N.Y. 1973). We agree with the *Rende* court that a contrary construction "would open the door to a tactical maneuver to place upon the plaintiff the burden of locating the representative of the estate within 90 days." 415 F.2d at 986.[1] Here that same burden led to the absurd result of Wick having himself appointed as the representative of the estate of the

---

[1]Three state courts have rejected the *Rende* rationale: *Farmers Insurance Gr. v. District Court of Sec. J.D.,* 507 P.2d 865, 867–68 (Colo. 1973), *cert. denied,* 414 U.S. 878 (1973) (party who receives notice of death must inquire to determine identity of person to be substituted); *Mullis v. Bone,* 238 S.E.2d 748, 750 (Ga. Ct. App. 1977) (Georgia rule allows 180 days, twice as long as the federal rule, to substitute and may be extended); *New Hampshire Ins. Co. v. Kimbrell,* 343 So. 2d 107, 109 (Fla. Dist. Ct. App. 1977) (to follow *Rende* would engraft exception to state rule but other relief from failure to comply available).

very person he had sued, no other person having been appointed or having sought the appointment.

*By the Court.*—Judgment reversed.