**Rosie M. HARVEY and Henry T. Harvey, Plaintiffs,**

v.

**MARRIOTT CORPORATION and Samaritan Health Plan Corp., Defendants.**

Civ. A. No. 87–C–1181.

United States District Court, E.D. Wisconsin.

March 9, 1988.

Alan L. Derzon, Jacobson, Sodos & Krings, Milwaukee, Wis., for plaintiffs.

Kevin O'Donnell and Joseph J. Ferris, Kasdorf, Lewis & Swietlik, Milwaukee, Wis., for defendants.

## ORDER

REYNOLDS, Senior District Judge.

Presently before the court is an action for personal injury. Plaintiff Rosie M. Harvey alleges that she slipped on a foreign food substance on the stairs while a guest of the defendant's Dayton Marriott Hotel. Defendant Marriott Corporation ("Marriott") has moved to dismiss or to change venue. The plaintiffs have opposed the motion. The court has considered the parties' positions and will deny the motion.

### MOTION TO DISMISS

Marriott argues that the court should dismiss this action because there is not complete diversity of citizenship. The plaintiffs and defendant Samaritan Health Plan Corp. ("Samaritan") are citizens of the state of Wisconsin. The plaintiffs state that Samaritan is named as a defendant solely to protect Samaritan's subrogated interest in plaintiff's action. The plaintiffs have not asserted any claim for relief against Samaritan and, therefore, the plaintiffs argue that diversity betweeen the plaintiffs and Samaritan is not required.

In this action, the parties with adverse interests, the plaintiffs and defendant Marriott are residents of different states. Additionally, Samaritan would benefit if the plaintiff recovered damages from defendant Marriott. This court concludes that, under these facts, the court has subject matter jurisdiction over plaintiffs' action against Marriott. *See Louisiana Oil Refining Corp. v. Reed,* 38 F.2d 159, *cert. denied,* 281 U.S. 751, 50 S.Ct. 355, 74 L.Ed. 1162 (5th Cir.1930), *Reliance Insurance Co. v. Wisconsin Natural Gas Co.,* 60 F.R.D. 429 (E.D.Wis.1973), *Wimes v. Eaton Corporation,* 573 F.Supp. 331 (E.D.Wis. 1983).

### MOTION TO CHANGE VENUE

Defendant Marriott Corporation also moves to change the venue of this action to the Southern District of Ohio because the balance of interests requires such a change. The defendant argues that its primary witnesses reside in Ohio. Additional-

ly, the defendant argues that Ohio law must be applied and that Ohio is the only venue which permits a view of the accident scene. The plaintiffs argue that Marriott has failed to make a clear showing that the balance of convenience favors a change of venue. The plaintiffs also argue that they are residents of Wisconsin, and that most of the medical records and treating physicians are in Wisconsin.

■ In deciding whether to permit a change of venue, the district court must consider three factors: 1) convenience of the parties, 2) convenience of the witnesses, and 3) the interests of justice. 28 U.S. C. § 1404(a). The burden is on the defendant to demonstrate that the balance of convenience favors a change of venue. *American Can Co. v. Crown Cork & Seal Co., Inc.,* 433 F.Supp. 333, 338 (E.D.Wis.1977).

■ Defendant Marriott has not met its burden of proof on this motion. Defendant Marriott merely asserts inconvenience without any supporting facts such as why a view of the scene might be necessary, or how many witnesses are involved, their location, and the nature of their testimony. Moreover, plaintiff Rosie Harvey has indicated that most of her medical records and attending physicians reside in Wisconsin and that a change of venue would be a financial hardship to the plaintiffs. Defendant Marriott has not made a sufficient showing that the balance of interests favor a change of venue and, therefore, the court will deny the motion.

IT IS ORDERED that defendant Marriott Corporation's motion to dismiss is denied.

IT IS FURTHER ORDERED that defendant Marriott Corporation's motion for a change of venue is denied.