Lynn J. VANDERVEST and Rick E. Vandervest, Plaintiffs,

v.

WISCONSIN CENTRAL, LTD., State Farm Mutual Automobile Insurance Company, WEA Insurance Corporation, and An Unknown Insurance Carrier, Defendants.

No. 96–C–677.

United States District Court, E.D. Wisconsin.

Sept. 12, 1996.

602

Oppenheimer, Wolff & Donnelly by James A. Fletcher and Jennifer K. Muenchrath, Minneapolis, MN, for Defendant Wisconsin Central Ltd.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On June 7, 1996, defendant Wisconsin Central, Ltd. ["WCL"], filed a "Notice of Removal" of this action which asserts a state law personal injury claim arising out of an automobile accident between the automobile driven by Lynn Vandervest and a train owned and operated by WCL. The action was originally filed in the circuit court of Kewaunee county. In its notice of removal, WCL alleges that this action is properly removable under 28 U.S.C. § 1441 because it is an action where the matter in controversy exceeds the sum of $50,000, exclusive of interest and cost, and the real parties in interest are citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

Presently before the court is the plaintiffs' "Motion in Opposition to Removal." In their

motion, the plaintiffs contend that the action should be remanded to state court because this court lacks subject matter jurisdiction. Specifically, they contend that diversity jurisdiction does not exist under 28 U.S.C. § 1332 because State Farm Automobile Insurance Company ["State Farm"] and WEA Insurance Corporation ["WEA"]—both citizens of the state of Wisconsin—are not nominal parties in this action as alleged by WCL in its notice of removal. In addition, the plaintiffs assert that diversity between the parties does not exist because WCL is a Wisconsin corporation. It is undisputed that the plaintiffs are citizens of the state of Wisconsin.

In a removal action, a district court is required to remand a case to state court if it determines, any time before final judgment, that it lacks subject matter jurisdiction over the case. *See* 28 U.S.C. § 1447(c). Where, as here, the jurisdiction of the court is challenged as a factual matter, the party invoking jurisdiction of the court has the burden to demonstrate that the jurisdictional allegations are supported by competent proof. *See Grafon Corp. v. Hausermann,* 602 F.2d 781, 783 (7th Cir.1979).

Under 28 U.S.C. § 1332(a)(1), diversity of citizenship exists where

the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between ... citizens of different states; ....

For purposes of determining diversity, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...." 28 U.S.C. § 1332(c)(1). Insofar as this action involves multiple corporate defendants, the plaintiff must differ in citizenship from each defendant—the rule of "complete diversity"—in order for subject matter jurisdiction to exist under § 1332. *See Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806); *Bagdon v. Bridgestone/Firestone, Inc.,* 916 F.2d 379, 381 (7th Cir.1990); *cert. denied,* 500 U.S. 952, 111 S.Ct. 2257, 114 L.Ed.2d 710 (1991). However, in determining whether complete diversity exists, courts must only look at those parties "who are real and substantial parties to the controversy." *Navar-*

*ro Savings Association v. Lee,* 446 U.S. 458, 461, 100 S.Ct. 1779, 1782, 64 L.Ed.2d 425 (1980). The inclusion of nominal parties in the pleadings does not affect diversity jurisdiction. *Matchett v. Wold,* 818 F.2d 574, 576 (7th Cir.), *cert. denied,* 484 U.S. 897, 108 S.Ct. 230, 98 L.Ed.2d 189 (1987). Thus, removal is proper under 28 U.S.C. § 1441 if complete diversity exists between the real parties in interest.

The plaintiffs claim that WCL is incorporated in the state of Wisconsin, and hence not of diverse citizenship, based on the allegation in WCL's answer which was filed on June 11, 1996, that "it is a Wisconsin corporation...." (Original Complaint ¶ 3.) However, this argument overlooks the fact that WCL filed an amended complaint on June 12, 1996, which alleged that "it is an Illinois corporation...." (Amended Complaint ¶ 3.) Moreover, the affidavit of Thomas F. Power, the executive vice president and chief financial officer of WCL, confirms the allegations of the amended complaint in that the affidavit states that "[WCL] is incorporated under the laws of the State of Illinois." (Power Aff. at ¶ 3.) In my opinion, the record demonstrates that WCL is incorporated in Illinois.

The plaintiffs also argue that WCL is a citizen of Wisconsin because its principal place of business is in Wisconsin. In particular, the plaintiffs maintain that "[WCL] does the majority of their [sic] business in the State of Wisconsin, and.... has approximately 2,500 miles of railroad track that they [sic] operate in the State of Wisconsin." (Whetter Aff. at ¶ 7.)

In determining a corporation's principal place of business, the court of appeals for the seventh circuit has adopted the "nerve center" test. *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986). To ascertain the locus of the nerve center, the court of appeals has stated that "we look for the corporation's brain, and ordinarily find it where the corporation has its headquarters." *Id.* at 1282. Other factors relevant to determining the locus of a corporation's nerve center are: (1) where important decisions are made; (2) where the corporation's general counsel, directors, offi-

cers and shareholders are located; and (3) where the corporation is funded and (4) where the corporation's primary bank account exists. *Chamberlain Mfg. Corp. v. Maremont Corp.*, 828 F.Supp. 589, 592 (N.D.Ill.1993).

■ The record reveals that WCL has its corporate headquarters in Rosemont, Illinois and that this is where virtually all decision-making occurs. (Power Aff. ¶¶ 4 and 5.) Mr. Power has testified that the president of WCL and seven of eight vice-presidents have their offices in Rosemont, Illinois and that all of the following take place in Rosemont, Illinois: accounting, administrative, and financial services, human resources, and legal, real estate and treasury services. (Power Aff. at ¶¶ 6–8.) Moreover, it is undisputed that all of WCL's director and shareholder meetings take place in Rosemont, Illinois and that all of WCL's books, corporate records and bank records are maintained in this location.

Based on this uncontested evidence, I find that WCL's principal place of business is Rosemont, Illinois. Because WCL is incorporated in Illinois and has its principal place of business in Illinois, it is a citizen of Illinois. Accordingly, the plaintiffs' contention that diversity of citizenship is lacking because WCL is a citizen of Wisconsin is without merit.

The plaintiffs also seek remand on the ground that State Farm and WEA are not nominal parties and that their citizenship therefore destroys complete diversity. It is undisputed that State Farm and WEA are citizens of Wisconsin. Thus, if State Farm and WEA are, in fact, real parties in interest, complete diversity does not exist.

■ A defendant is a nominal party if there is no reasonable basis for predicting that it will be held liable. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir.1993) (citing 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3731 n. 10 (1985)). According to the allegations of the complaint, State Farm is the plaintiffs' automobile insurer and WEA is the plaintiffs' medical insurer. Each party allegedly paid benefits to the plaintiffs because of the accident at issue and was named as a defendant solely because of its subrogation interest.

■ Where state law creates a separate and distinct cause of action against the insurer which an injured party may pursue in lieu of his action against a tortfeasor, that insurer is not a nominal defendant, but is in fact a real party in interest for purposes of federal jurisdiction. *Lumbermen's Mut. Cas. Co. v. Elbert*, 348 U.S. 48, 51, 75 S.Ct. 151, 153–54, 99 L.Ed. 59 (1954). Wisconsin provides for the action against an insurer under Wis. Stats. § 632.24, which provides:

> Any bond or policy of insurance covering liability to others for negligence makes the insurer liable, up to the amounts stated in the bond or policy, to the persons entitled to recover against the insured for the death of any person or for injury to persons or property, irrespective of whether the liability is presently established or is contingent and to become fixed or certain by final judgment against the insured.

In addition, Wisconsin's statute relating to joinder of parties provides, in pertinent part, for direct action against an insurer:

> In any action for damages caused by negligence, any insurer which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties to such controversy, or which by its policy of insurance assumes or reserves the right to control the prosecution, defense or settlement of the claim or action, or which by its policy agrees to prosecute or defend the action brought by the plaintiff or any of the parties to such action, or agrees to engage counsel to prosecute or defend said action or agrees to pay the costs of such litigation, is by this section made a proper party defendant in any action brought by the plaintiff in this state on account of any claim against the insured.

Wis.Stats. § 803.04(2).

■ These statutes make the insurer of a *defendant/tortfeasor* in a negligence action a real party in interest. *See Verhein v. South Bend Lathe, Inc.*, 598 F.2d 1061, 1064 (7th Cir.1979). In the instant action, State Farm and WEA have no relationship to the alleged tortfeasor, WCL, as they are the *plaintiffs'*

insurers. Moreover, because the plaintiffs' complaint contains no claim against State Farm or WEA it cannot be said that the interests of the insurers are adverse to those of the plaintiffs. *See Harvey v. Marriott Corp.,* 680 F.Supp. 1289, 1290 (E.D.Wis.1988) (Reynolds, J.) (Where plaintiff's insurer was named as a defendant solely to protect its subrogated interest in plaintiff's action and no claim for relief was asserted against the insurer, the citizenship of the insurer was not considered by the court for purposes of determining the existence of complete diversity.).

I find that State Farm and WEA, as insurers of the plaintiffs who were named as defendants solely to protect their respective subrogated interests do not fall within the purview of Wis.Stats. § 632.24 or § 803.04(2) and are not otherwise real parties in interest. Any financial interest State Farm or WEA has in this litigation is indirect in that it is contingent upon the liability of WCL to the plaintiffs. Consequently, the citizenship of State Farm and WEA does not destroy the diversity that exists between the real parties in interest in this case.

Therefore, IT IS ORDERED that the plaintiffs' "Motion in Opposition to Removal" be and hereby is denied, with costs.