George A. MUDROVICH, Plaintiff-Appellant,

Ryan D. LISTER, Appellant,

v.

Shar SOTO and Holly Martin, Defendants-Respondents.

Court of Appeals

No. 99–1410. Submitted on briefs May 30, 2000.—Decided July 5, 2000.

2000 WI App 174

(Also reported in 617 N.W.2d 242.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Ryan D. Lister* of Wausau.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Cari L. Westerhof* of *Ruder, Ware & Michler* of Wausau.

Before Cane, C.J., Peterson and Roggensack, JJ.

¶ 1.  CANE, C.J.  George A. Mudrovich and Ryan Lister (collectively Mudrovich) appeal from a summary judgment dismissing Mudrovich's claim against Shar Soto and Holly Martin and awarding Soto

and Martin attorney fees and costs pursuant to WIS. STAT. § 814.025.[1] Mudrovich argues that the circuit court erred by concluding his WIS. STAT. § 134.01 claim for injury to his reputation and profession is barred by the exclusive remedy provision of the Worker's Compensation Act. Mudrovich additionally argues that because he had a reasonable basis in law to maintain his action, the circuit court erred by concluding his claim was frivolous. Because the facts of this case satisfy the conditions of liability under the Act, we conclude that the circuit court did not err by dismissing Mudrovich's § 134.01 claim. We conclude, however, that given the distinction between a defamation claim and an action filed under § 134.01, Mudrovich should have been allowed some latitude to seek a clarification of the Act's applicability to the facts of his case. Accordingly, we affirm that part of the judgment dismissing Mudrovich's claim and reverse that part of the judgment awarding attorney fees and costs for a frivolous claim.

### BACKGROUND

¶ 2.    The circuit court found the following facts. During the 1996–97 school year, Mudrovich was employed as a French teacher at D.C. Everest Junior High School, while Soto and Martin were employed as Spanish teachers. In May of 1997, Mudrovich sent several students to Carol Maki, a tutor who administered make-up tests. Because Mudrovich failed to send his students with a "study buddy," a hall pass used by the school, Maki returned the students with a note asking Mudrovich to "please send study buddies." In response,

---

[1] All statutory references are to the 1997–98 version unless otherwise noted.

Mudrovich wrote "oh, cram it" on Maki's note and returned it to her mailbox.

¶ 3.  Concurrent with the "note" incident was a dispute within the foreign language department regarding room assignments for the upcoming school year. Due to the number of foreign language classes and limited physical space available in the school, some teachers were going to have to share classrooms. Accordingly, the department met to discuss room assignments. Mudrovich's request for his own classroom was met with resistance from other teachers within the foreign language department, including Soto and Martin.

¶ 4.  Unable to come to an agreement, Mudrovich and Martin developed competing proposals for room assignments and sought to introduce these proposals to the assistant principal, Michael Sheehan. During the course of Martin's meeting with Sheehan, she expressed frustration with what she perceived to be Mudrovich's unwillingness to compromise. Incidental to this discussion, Martin told Sheehan about the note incident, but inadvertently misquoted Mudrovich's response as being "That is crap." During a later discussion with Soto, Martin realized her error. Martin and Soto then returned to Sheehan's office to clarify that Mudrovich had actually written "oh, cram it." At some point during this follow-up meeting, the principal, Robert Knaack, overheard the conversation and became aware of the note incident.

¶ 5.  Knaack subsequently summoned Mudrovich to his office. Mudrovich claimed that Knaack informed him that four teachers had complained about his verbal abuse of Maki. Although Mudrovich explained that the note was intended as a joke, Knaack stated that Mudrovich's response was inappropriate and further

advised Mudrovich against any future similar behavior. No further disciplinary action was taken.

¶ 6. Mudrovich was terminated from his employment a year later. He subsequently filed an action against Martin and Soto in circuit court, alleging defamation and injury to his reputation and profession, contrary to WIS. STAT. § 134.01.[2] Mudrovich claimed that following the note incident, he was treated poorly by fellow employees, thus frustrating his ability to teach. He further claimed that Martin and Soto created an environment that ultimately led to the termination of his employment. The circuit court granted summary judgment in favor of Martin and Soto and awarded attorney fees and costs pursuant to WIS. STAT. § 814.025. This appeal followed.[3]

## ANALYSIS

¶ 7. Whether summary judgment was appropriate presents a question of law that we review independently of the circuit court. *See Fortier v. Flambeau Plastics Co.*, 164 Wis. 2d 639, 651–52, 476 N.W.2d 593 (Ct. App. 1991). When reviewing summary judgments, we utilize the same analysis as the circuit court and must apply the standards set forth in WIS.

---

[2] WISCONSIN STAT. § 134.01 provides:

**Injury to business; restraint of will.** Any 2 or more persons who shall combine, associate, agree, mutually undertake or concert together for the purpose of wilfully or maliciously injuring another in his or her reputation, trade, business or profession by any means whatever, or for the purpose of maliciously compelling another to do or perform any act against his or her will, or preventing or hindering another from doing or performing any lawful act shall be punished by imprisonment in the county jail not more than one year or by fine not exceeding $500.

[3] Mudrovich does not appeal from that part of the judgment dismissing his defamation claim.

STAT. § 802.08(2). *See Schultz v. Industrial Coils, Inc.*, 125 Wis. 2d 520, 521, 373 N.W.2d 74 (Ct. App. 1985). In general, "summary judgment is proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Kenefick v. Hitchcock*, 187 Wis. 2d 218, 224, 522 N.W.2d 261 (Ct. App. 1994).

A. Application of the Worker's Compensation Act

■

¶ 8.  Mudrovich contends that the circuit court erred by concluding that his WIS. STAT. § 134.01 claim for injury to his reputation and profession is barred by the exclusive remedy provision of the Worker's Compensation Act. Soto and Martin respond that Mudrovich's § 134.01 claim is a hybrid form of defamation and thus falls within the purview of the Act's exclusive remedy provision. The issue of whether Mudrovich's claim is subject to the Act's exclusive remedy provision is a question of law that this court reviews de novo. *See Lentz v. Young*, 195 Wis. 2d 457, 468, 536 N.W.2d 451 (Ct. App. 1995).

¶ 9.  WISCONSIN STAT. § 102.03 provides that liability for worker's compensation exists under the Act only where the following conditions occur: (1) the employee sustains an injury; (2) at the time of the injury, both the employee and the employer are subject to the provisions of the Act; (3) at the time of the injury, the employee is performing service growing out of and incidental to his or her employment; (4) the employee's injury has not been self-inflicted; and (5) the accident or disease that causes the employee's injury arises out of his or her employment. Section 102.03(2) further provides: "Where such conditions [of liability] exist the right to the recovery of compensation under this chap-

ter shall be the exclusive remedy against the employer, any other employe of the same employer and the worker's compensation insurance carrier." Mudrovich contends that the third and fifth conditions of liability are absent under these facts.

¶ 10.   First, Mudrovich argues that Soto and Martin were required to establish "that they were performing services growing out of and incidental to their employment." He is mistaken as "only the injured employee, and not the injuring coemployee need have been acting within the scope of his or her employment at the time of the injury." *Jenson v. Employers Mut. Cas. Co.*, 161 Wis. 2d 253, 270, 468 N.W.2d 1 (1991) (quoting *Rivera v. Safford*, 126 Wis. 2d 462, 467–68, 377 N.W.2d 187 (Ct. App. 1985)). The question thus becomes whether Mudrovich was performing services growing out of and incidental to his employment at the time of injury. We conclude that he was.

¶ 11.   The basis of Mudrovich's WIS. STAT. § 134.01 claim is the allegation that Martin and Soto told a school administrator that Mudrovich had verbally abused Maki, a subordinate. Soto's and Martin's remarks, however, were made to school administrators on school property regarding the conduct of one co-employee toward another co-employee. Additionally, Mudrovich, emphasizing the conflict over classroom assignments within the foreign language department, intimates that the classroom issue was the motivation behind Soto and Martin's intent to injure his reputation and profession. In *Jenson*, our supreme court held that "[w]here the work environment is one of the causative factors . . . it is immaterial whether the motive is or is not work connected." *Jenson*, 161 Wis. 2d at 271. Here, not only were Soto's and Martin's remarks made within the work environment, but their impetus was

allegedly a school-related conflict over classroom assignments. Because the remarks resulting in Mudrovich's claimed injury arose out of his employment, we conclude that Mudrovich was performing services growing out of and incidental to his employment at the time of injury.

¶ 12. Second, Mudrovich contends that because Martin's and Soto's remarks were intentional, his injury was not caused by accident or disease, as is required under the Act. We disagree. In *Jenson,* a village clerk-treasurer brought a claim against the village president alleging intentional infliction of emotional distress arising out of alleged statements in which the president publicly accused the clerk-treasurer of dishonesty and incompetence in her capacity as a municipal employee. *See id.* at 257–58. In *Jenson,* as here, the clerk-treasurer argued that intentional acts may not be deemed accidents under the Act. Our supreme court concluded, however, as a matter of law, that "such conduct constitutes an accident as the term is used under the provisions of [the Act]." *Id.* at 266. Consistent with *Jenson,* we determine that Martin's and Soto's remarks may be deemed an "accident" under the Act.

■

¶ 13. Because the conditions of liability for application of the Act are satisfied by the facts of this case, we conclude that the circuit court did not err by dismissing Mudrovich's WIS. STAT. § 134.01 claim as barred by the Act's exclusive remedy provision.

B. Frivolous Claim

¶ 14. Mudrovich argues that the circuit court erred by finding his claim frivolous and awarding attorney fees and costs to Soto and Martin. Although

this is a much closer question, we agree with Mudrovich. In order to impose sanctions against a party for frivolous claim under WIS. STAT. § 814.025, the court must find one of the following:

(a) The action, special proceeding, counterclaim, defense or cross complaint was commenced, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another.

(b) The party or the party's attorney knew, or should have known, that the action, special proceeding, counterclaim, defense or cross complaint was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

WIS. STAT. § 814.025(3). The inquiry into whether a claim is frivolous under the statute is a mixed question of law and fact. *See Stern v. Thompson & Coates, Ltd.*, 185 Wis. 2d 220, 236, 517 N.W.2d 658 (1994). A circuit court's findings of fact will be affirmed unless they are clearly erroneous. *See Sellers v. Sellers*, 201 Wis. 2d 578, 585–86, 549 N.W.2d 481 (Ct. App. 1996); *see also* § 805.17(2), STATS. However, "the ultimate conclusion of whether the facts cited fulfill the legal standard of frivolousness is a question of law" that this court reviews de novo. *Stern*, 185 Wis. 2d at 236. Further, "[a]n appellate court must accept a reasonable inference drawn by the trial court from established facts if more than one reasonable inference may be drawn." *Id.* at 237. However, "[w]hether an inference is reasonable is itself a question of law." *Id.*

¶ 15. Here, the circuit court reasoned that Mudrovich or his attorney should have known that the

Act guarantees payment if liability and damages are proven. The court consequently concluded that Mudrovich's insistence on pursuing a civil lawsuit was for the sole purpose of harassing Soto and Martin. The court further concluded that given the Act's exclusive remedy provision, Mudrovich's claim is without a reasonable basis in law or equity. Both of the court's conclusions, however, presume the Act's applicability to actions filed under WIS. STAT. § 134.01. The circuit court cited a line of cases holding that defamatory comments made in the course of employment by co-employees fall within the purview of the Act. A claim under § 134.01, however, is not synonymous with a defamation claim.

■

¶ 16.   In *Segall v. Hurwitz*, 114 Wis. 2d 471, 486, 339 N.W.2d 333 (Ct. App. 1983), this court held that a WIS. STAT. § 134.01 claim was not equivalent to a defamation claim and was not controlled by the defamation statute of limitations. Although the facts of the present case fall under the Act, it is undisputed that the issue of whether the Act's exclusive remedy provision may bar a claim under § 134.01 has never been specifically addressed. Given the distinction between a defamation claim and an action filed under § 134.01, Mudrovich should have been allowed some latitude to seek a clarification of the Act's applicability to the facts of his case.[4] We therefore reverse that part of the judgment

---

[4] Martin and Soto urge this court to award reasonable appellate attorney fees and costs pursuant to WIS. STAT. § 802.05 and *Riley v. Isaacson*, 156 Wis. 2d 249, 262, 456 N.W.2d 619 (Ct. App. 1990), which held that if a claim is correctly adjudged to be frivolous in the trial court, "it is frivolous *per se* on appeal." Because we conclude that Mudrovich's WIS. STAT. § 134.01 claim

finding Mudrovich's claim frivolous and awarding Martin and Soto attorney fees and costs.[5]

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded. Costs denied.

---

was not frivolous, Martin and Soto's request for attorney fees and costs on appeal is denied.

[5] We refrain from addressing any alternative arguments because only dispositive issues need be addressed. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983).