Corrine **EICHMANN**, Plaintiff,

and

United States Fidelity & Guaranty, Involuntary Plaintiff,

v.

**HUNTER AUTOMATED MACHIN-ERY, INC., and United States Fire Insurance Company, Defendants.**

No. 01–C–640.

United States District Court, E.D. Wisconsin.

Oct. 11, 2001.

Steven R. Olson, Radosevich Mozinski & Cashman, Manitowoc, WI, for Plaintiff.

Maryeve Heath, Hinshaw & Culbertson, Milwaukee, WI, for Involuntary Plaintiff.

William J. Katt, Mark D. Malloy, Leib & Katt, Milwaukee, WI, for Defendants.

## DECISION AND ORDER

RANDA, District Judge.

This matter comes before the Court on Corrine Eichmann's ("Eichmann") motion to remand this case to state court. For the reasons stated below, Eichmann's motion is granted.

### I. BACKGROUND

Eichmann's husband Jerry worked as a maintenance lead person for Wisconsin Aluminum Foundry ("WAF"). Hunter Automated Machinery ("Hunter") supplied mold-making machines for use at WAF and United States Fire Insurance Company ("US Fire") was Hunter's liability insurer. On March 23, 2000, Jerry "became entrapped by the carousel of [a Hunter 30x32 mold-making machine] as it racheted forward, crushing him in a pinch point between metal mold platforms on the carousel which move and steel arms which do not." Complaint, ¶ 12. Jerry died later that evening.

### II. PROCEDURAL HISTORY

On February 20, 2001, Eichmann filed a derivative tort action in the Circuit Court of Manitowoc County, alleging Hunter's negligence and strict liability. Hunter and U.S. Fire were served on the same day. The complaint also named WAF, ABC Company ("ABC"), and DEF Insurance Company ("DEF") as defendants. ABC is an unknown "middleman, broker, auctioneer, or supplier of a Hunter mold-making machine," sued under a fictitious name. DEF is the unknown insurer of ABC, also sued under a fictitious name. Eichmann has yet to amend her complaint to allege DEF and ABC's true identities, and it appears that they are no longer considered parties to this action.

On June 19, 2001, pursuant to a stipulation and order, WAF was dismissed from the case, and United States Fidelity and Guaranty Insurance Corporation ("USF & G"), WAF's worker's compensation insurer, was added as an involuntary plaintiff. On June 25, 2001, Hunter and U.S. Fire removed to this Court. On July 12, 2001, Eichmann filed her motion for remand.

### III. ANALYSIS

■ Removal is governed by 28 U.S.C. § 1446 ("section 1446"), which provides: The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief.... If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). Eichmann argues that the defendants' notice of removal was untimely. The defendants were served on February 20, 2001, but they did not remove until June 25, 2001, far beyond the thirty-day limitation. In response, the defendants argue that the initial pleading was not removable. Hunter and U.S. Fire are seeking to invoke the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 ("section 1332"). It is well-established that "the plaintiff must differ in citizenship from each defendant—the rule of 'complete diversity'—in order for subject matter jurisdiction to exist under § 1332." *Vandervest v. Wisconsin Central, Ltd.,* 936

F.Supp. 601, 603 (E.D.Wis.1996) (citing *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806) and *Bagdon v. Bridgestone/Firestone, Inc.,* 916 F.2d 379, 381 (7th Cir.1990), *cert. denied,* 500 U.S. 952, 111 S.Ct. 2257, 114 L.Ed.2d 710 (1991)). Defendants argue that under the initial pleading, complete diversity did not exist because WAF, a Wisconsin corporation, was a named defendant, and Eichmann is also a Wisconsin resident. When WAF was dismissed from the case on June 19, 2001, Eichmann was completely diverse from the remaining defendants: Hunter, an Illinois corporation, and U.S. Fire, a New York corporation.[1] Accordingly, defendants argue, the case became removable on June 19, 2001, and their June 25, 2001 notice of removal was timely.

 Plaintiffs counter that the initial pleading was removable because WAF was a nominal defendant. The Court agrees. In a diversity analysis, courts look only to the parties "who are real and substantial parties to the controversy." *Navarro Savings Association v. Lee,* 446 U.S. 458, 461, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980). "A real-party-in-interest defendant is one who, according to applicable substantive law, *has the duty sought to be enforced or enjoined.*" Moore's Fed. Practice 3d, § 102.15 (emphasis added). WAF was named as a defendant because "WAF may have an interest as a result of the above payments pursuant to § 102.29, Wis.Stats., and, therefore is a proper party to this action." Complaint, ¶ 7. However, the complaint alleged causes of action under tort law: specifically, that Hunter was negligent and strictly liable. Under Wisconsin law, Eichmann can have no *tort* claim against WAF because WAF was Jerry's employer. Rather, Eichmann's "exclusive remedy" against WAF is under

Wisconsin's Worker's Compensation Act. *See* Wis.Stat. § 102.03(2); *see also Mudrovich v. Soto,* 238 Wis.2d 162, 617 N.W.2d 242, 245 (2000). Indeed, Eichmann's allegations nowhere mention WAF as a potential tortfeasor. Therefore, WAF was only a nominal defendant in Eichmann's tort action, and complete diversity existed at the time the initial complaint was filed. As the defendants were served on February 20, 2001 and failed to remove within thirty days, removal was improper and the case must be remanded.

NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:

1. Eichmann's motion for remand is GRANTED.

**SO ORDERED.**

---

1. The Court will ignore the alleged citizenship of ABC and DEF, as they remain unknown parties.