Estate of Ashleigh PICKARD, by its personal representatives, Constance and Matthew PICKARD, Constance Pickard and Matthew Pickard, Plaintiffs,

and

Central States Southeast and Southwest Areas Health & Welfare Fund, Involuntary Plaintiff,

v.

WISCONSIN CENTRAL LTD., Defendant.

No. 02–C–0282–C.

United States District Court, W.D. Wisconsin.

Dec. 30, 2002.

H. James Tuchscherer, Wisconsin Rapids, WI, Kevin T. Roach, Milwaukee, WI, for Plaintiffs.

James A. Fletcher, Fletcher & Sippel, LLC, Chicago, IL, for Defendant.

## OPINION AND ORDER

CRABB, Chief Judge.

This is a civil action in which plaintiffs are suing defendant Wisconsin Central Ltd. for the wrongful death of Ashleigh Pickard. Defendant's train collided with Pickard's automobile while she was driving across a railroad crossing in Portage County, Wisconsin.

Plaintiffs filed this action originally in the Circuit Court for Portage County and apparently named Central States Southeast and Southwest Areas Health & Welfare Fund as an involuntary plaintiff because of Central States' subrogation interest in any potential recovery in this lawsuit. According to the record, no party questioned the state court as to Central States' presence as an involuntary plaintiff.

On May 20, 2002, defendant removed the case to this court on the basis of diversity jurisdiction. Although plaintiff did not contest defendant's removal, the court has an independent obligation to insure that diversity jurisdiction exists. *See Wild v. Subscription Plus, Inc.*, 292 F.3d 526 (7th Cir.2002).

The parties have briefed defendant's motion for summary judgment. However, because the parties lack complete diversity, I cannot proceed to the merits of defendant's motion. Instead, I must remand this cause of action to state court for lack of subject matter jurisdiction.

## OPINION

■ Plaintiff Estate of Ashleigh Pickard is an estate filed in Portage County, Wisconsin. Plaintiffs Matthew and Constance Pickard, the parents of Ashleigh Pickard, are citizens of Wisconsin. Involuntary plaintiff Central States Southeast and Southwest Areas Health & Welfare Fund's principal place of business is in Rosemont, Illinois. (The record does not reveal involuntary plaintiff's state of incorporation.) Defendant Wisconsin Central Ltd. is an Illinois corporation with its principal place of business in Rosemont, Illinois. (Although plaintiffs also named as a defendant Wisconsin Central Transportation Corporation, an Illinois corporation and defendant's parent company, the parties have stipulated to its dismissal. *See* Stipulation and Order, dkt. # 15.)

As is evident, the question whether complete diversity exists among the parties arises because involuntary plaintiff and defendant are both citizens of Illinois. *See* 28 U.S.C. § 1332; *see also Fidelity & Deposit Co. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir.1983) (diversity jurisdiction cannot exist when citizens of same state appear on both sides of lawsuit). Defendant acknowledges this problem in a footnote in its notice of removal, arguing that as plaintiffs' "insurance" provider, involuntary plaintiff is a nominal party and, thus, its citizenship is not relevant to determining diversity. *See* Notice of Removal, dkt. # 2, at 2 n. 1. (Involuntary plaintiff filed an "answer" in which it alleges that it has paid welfare benefits, not insurance proceeds, "to or on behalf of Ashleigh Pickard" in connection with the train accident and requests a declaration that it is entitled to satisfaction of its subrogation interest from any recovery obtained by plaintiffs. It has not filed a cross-claim.) Therefore, the threshold question is whether defendant is correct in its contention that involuntary plaintiff is a nominal party.

■ It is true that for purposes of determining diversity jurisdiction, courts look only to parties "who are real and substantial parties to the controversy." *Navarro Savings Association v. Lee*, 446 U.S. 458, 461, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980); *Betar v. De Havilland Aircraft of Canada, Ltd.*, 603 F.2d 30, 32 (7th Cir. 1979) ("citizenship of the real party in interest is determinative in deciding whether the district court has diversity jurisdiction"); Fed.R.Civ.P. 17(a) ("Every action shall be prosecuted in the name of the real party in interest."). In support of its contention that involuntary plaintiff is a nominal party, defendant cites summarily two cases, *Eichmann v. Hunter Automated Machinery, Inc.*, 167 F.Supp.2d 1070, 1072 (E.D.Wis.2001), and *Vandervest v. Wisconsin Central Ltd.*, 936 F.Supp. 601, 604–05 (E.D.Wis.1996).

In *Eichmann*, the plaintiff (a Wisconsin citizen) named her husband's employer (a Wisconsin corporation) as a defendant in her lawsuit for the wrongful death of her husband. *Eichmann*, 167 F.Supp.2d. at 1071. The court explained that "a real-party-in-interest defendant is one who, according to applicable substantive law, *has the duty sought to be enforced or enjoined.*" *Id.* at 1072 (emphasis in original) (citing *Moore's Federal Practice* 3d, § 102.15). Because plaintiff's exclusive remedy against her husband's employer was under workers' compensation and not wrongful death, the court held that the employer was a nominal defendant because it could not be held liable for the alleged

wrongful death claim. *Id.* Unlike the situation in *Eichmann,* involuntary plaintiff's role in this lawsuit relates to its subrogation interest in any potential recovery. Moreover, plaintiff is not pursuing any remedies against involuntary plaintiff. Therefore, the holding in *Eichmann* is inapplicable to this case.

In *Vandervest,* a lawsuit nearly identical to this case, the plaintiffs filed a personal injury claim against the defendant in state court for injuries arising from a train accident. *Vandervest,* 936 F.Supp. at 602. The plaintiffs also named their automobile and medical insurers as defendants solely because of the insurers' subrogation interest. *Id.* at 604–05. The defendant removed the case to federal court on the basis of diversity jurisdiction. *Id.* at 602. The plaintiffs contested removal, arguing that because the defendant insurers were citizens of the same state as the plaintiffs, diversity was lacking. *Id.* at 604. The court held that "[a] defendant is a nominal party if there is no reasonable basis for predicting that it will be held liable." *Id.* (citing *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 369 (7th Cir.1993)). The court concluded that because the defendant insurers could not be held liable, they were nominal parties and their citizenship did not destroy diversity. *Id.*

Although I agree with the result in *Vandervest,* I disagree with its reasoning. Specifically, the court should have realigned the defendant insurers as plaintiffs because their interests were not adverse to the plaintiffs' and the plaintiffs had not asserted any claims against them. *See City of Indianapolis v. Chase National Bank,* 314 U.S. 63, 80, 62 S.Ct. 15, 86 L.Ed. 47 (1941) (doctrine of realignment requires defendant to be treated as plaintiff for purpose of defining controversy when plaintiff has not asserted real cause of action against defendant); *see also American Motorists Ins. Co. v. Trane Co.,* 657 F.2d 146, 149 (7th Cir.1981) ("Realignment is proper when the court finds that no actual, substantial controversy exists between parties on one side of the dispute and their named opponents, although realignment may destroy diversity and deprive the court of jurisdiction."); *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.,* 204 F.3d 867, 873 (9th Cir. 2000) ("We must align for · jurisdictional purposes those parties whose interests coincide respecting the 'primary matter in dispute.' "). Although the test articulated by the court in *Vandervest* may be applicable to cases in which the subrogee's interests are aligned with the *defendant's,* in this case, Central States' interests are aligned with *plaintiffs'* interests.

When a party is a plaintiff it would be unreasonable to apply a liability-type test to determine whether it is a nominal party. Unless there were a counterclaim, a plaintiff could never be held liable and thus could never be a real party in interest. This result would, be illogical. Moreover, in the context of a subrogation interest in plaintiff's recovery, the Supreme Court has held that "if [the subrogee] has paid only part of the loss, both the insured and the insurer ... have substantive rights *against the tortfeasor* which qualify them as real parties in interest." *United States v. Aetna Casualty & Surety Co.,* 338 U.S. 366, 380, 70 S.Ct. 207, 94 L.Ed. 171 (1949) (emphasis added); *see also Krueger v. Cartwright,* 996 F.2d 928, 932 (7th Cir. 1993) ("if an insured brings a suit *against a tortfeasor,* the insurer who is partially subrogated may intervene in the action to protect its pro rata share of the potential recovery") (emphasis added) (citing 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1546); *Broyles v. Bayless,* 878 F.2d 1400, 1404 (11th Cir.1989) ("courts generally do not recognize [insurance] companies as real parties to an action unless they have become subrogated

to the rights of their insured after payment of the loss").

Comparing the excerpts from involuntary plaintiff's benefits plan with plaintiffs' complaint (which includes a request for relief in the form of non-economic damages), I find that involuntary plaintiff has at least a partial subrogation interest. *See generally Roe v. O'Donohue,* 38 F.3d 298, 304 (7th Cir.1994) (all doubts as to propriety of removal are resolved in favor of state court jurisdiction). Moreover, even if involuntary plaintiff had a fully subrogated interest, it would call into question only *plaintiffs'* status as a real party in interest, not involuntary plaintiff's. *See* 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1546 ("if the insurer has paid the entire claim, it is the real party in interest and must sue in its own name"). Because involuntary plaintiff is a real party in interest and not a nominal party, complete diversity is lacking. Accordingly, I will remand this case to state court for lack of subject matter jurisdiction.

### ORDER

IT IS ORDERED that this cause of action is REMANDED to the Circuit Court for Portage County, Wisconsin, for lack of subject matter jurisdiction. The clerk of court is directed to transmit the record to the Circuit Court for Portage County.